Susan W. Hopkins et al., Respondents, *v.* Sheldon Kent et al., Respondents, et al., Appellants.

The holographic will of K. by its terms gave to his executors all of his estate, in trust, among other things to divide the income into four equal parts, one part to be paid to his wife during life, upon her death (using the language of the will) "her share to revert to my trustees for the benefit of my three children, their heirs and assigns, under the supervision of my trustees," to each of the children one-third; the testator left another child aside from those referred to and named in said provision. In an action for the construction of the will, *held*, the testator's intent was that his widow should receive the income of one-fourth of his estate, and this vested in her an equitable life estate in the share

itself; that upon her death the purpose for which the trust was created was served, the estate of the trustees terminated, and the whole legal and equitable estate vested absolutely in the three children. (1 R. S. 677, §§ 47, 48.)

(Argued March 6, 1895; decided March 19, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 27, 1894, which affirmed a judgment construing the will of Henry A. Kent, deceased, entered upon a decision of the court on trial at Special Term.

The nature of the action, the facts and provisions of said will, so far as material, are set forth in the opinion.

*Josiah T. Marean* for appellants. A passive trust has never been held to be intended except in cases of gift or grant to one "for the benefit of another" *simpliciter*, in the very language of the statute, or cases in which the absolute right to possession has been expressly given to the beneficiary. (*Mott* v. *Ackerman*, 92 N. Y. 539, 548; *S. S. Bank* v. *Holden*, 105 id. 415; *Wright* v. *Douglas*, 7 id. 564, 567; *Elwood* v. *Northrup*, 106 id. 172; *Verdin* v. *Slocum*, 71 id. 345; *Wainwright* v. *Low*, 132 id. 313; *Greene* v. *Greene*, 125 id. 510; *Donovan* v. *Van De Mark*, 78 id. 244; *Vernon* v. *Vernon*, 53 id. 359.) The case at bar is not a case of a gift to one for the benefit of another *simpliciter*. (*Beekman* v. *Bonsor*, 23 N. Y. 314; 1 R. S. 728, § 55.) The testator in this case did not contemplate a separation of one-quarter of the estate from the general bulk, and an investment of it for the benefit of the widow; he directed the whole surplus to be invested, and a quarter of the income of the whole to be divided to her during her lifetime, and in the same sentence, without the separation of a comma even, follows the gift over of her share after her death for the benefit of the three children named, etc. The widow had no share of the *corpus* in the contemplation of the testator. One-quarter of the income was obviously the subject-matter of the entire clause. (*Locke* v. *F. L. & T. Co.*, 140 N. Y. 135.) There is nothing

in the consequences of the failure of the trust to deter the court from freely according to the language of the will its obvious meaning. If anything the court will rather lean toward a conclusion under which the appellant will share with his brothers and sisters. (*Low* v. *Harmony*, 72 N. Y. 414; *Scott* v. *Gurnsey*, 48 id. 106.) The will contains no direction to the ·trustess, either express or implied, to receive the rents or profits of the land. They took, therefore, no title to the lands, but only a power comprehending a power of sale which was held, without appeal, not to be imperative and not to operate as an equitable conversion. (R. S. Uses & Trusts, § 56.)

*George Zabriskie* for respondents. If there be no valid trust for the widow all the remainders fail. (*Robert* v. *Corning*, 89 N. Y. 225; *Vernon* v. *Vernon*, 53 id. 351, 359; *Tobias* v. *Ketchum*, 32 id. 319, 328; *Gilman* v. *Reddington*, 24 id. 19; *Garvey* v. *McDevitt*, 72 id. 556; *Cooke* v. *Platt*, 98 id. 35, 39.) The trust is not saved by the provision giving to the widow one-fourth of the income of the entire estate. The court has no power to convert the gift of the fourth part of the entire income of the estate into a gift of the entire income of one-fourth part of the estate by setting apart so much of the capital as a fund to produce the income. (*Cochrane* v. *Schell*, 140 N. Y. 516, 536; *Arthur* v. *Nelson*, 1 Dem. 337; *Hawley* v. *James*, 5 Paige, 318; *Harris* v. *Clark*, 7 N. Y. 242; *Van Beuren* v. *Dash*, 30 id. 393, 426; *Holmes* v. *Mead*, 52 id. 332, 345; *Knox* v. *Jones*, 47 id. 389; *Benedict* v. *Webb*, 98 id. 460; *Tilden* v. *Green*, 130 id. 29; *Garvey* v. *McDevitt*, 72 id. 556.) In any event the widow is not entitled both to dower and to the benefit of the trust because the two are incompatible. (*Vernon* v. *Vernon*, 53 N. Y. 351; *Tobias* v. *Ketchum*, 32 id. 319; *Savage* v. *Burnham*, 17 id. 561.)

*Bronson Winthrop* for respondents. The legal title in the trustees is commensurate with the duration of the express trust. (1 R. S. 730, § 67; *Locke* v. *F. L. & T. Co.*, 140 N.

Y. 135; *Greene* v. *Greene*, 125 id. 510; *Cooke* v. *Platt*, 98 id. 38.) At the widow's death the trustees no longer have the power to collect the rents and profits and the trust ceases. (*Locke* v. *F. L. & T. Co.*, 140 N. Y. 144; *Vanderpoel* v. *Loew*, 112 id. 167; *Mott* v. *Ackerman*, 92 id. 578; *S. Bank* v. *Holden*, 105 id. 417; *Ramsey* v. *De Remer*, 47 N. Y. S. R. 682; *Fisher* v. *Hall*, 41 N. Y. 423; *Rawson* v. *Lampman*, 5 id. 456; *Moorehouse* v. *Hutchinson*, 17 N. Y. S. R. 183; *Greene* v. *Greene*, 125 N. Y. 506; *Post* v. *Hover*, 33 id. 593; *Henderson* v. *Henderson*, 113 id. 11.) If this construction is possible, under the language of the clause, it must be adopted. (*Roe* v. *Vingut*, 117 N. Y. 218; *Greene* v. *Greene*, 125 id. 512; *Lytle* v. *Beveridge*, 58 id. 598.) The disposition of one-fourth of the estate cannot fail because the testator has omitted to dispose of the residue. (3 Jarman on Wills [5th ed.], 709; *Adams* v. *Perry*, 43 N. Y. 487; *Cooke* v. *Platt*, 98 id. 35; *Greene* v. *Greene*, 125 id. 510.)

O'Brien, J. The plaintiffs, as executors of the will of Henry A. Kent, who died March 1, 1893, brought this action for the purpose of procuring a judicial construction of its several provisions. The will bears date October 23d, 1891, is holographic, and its disposing clauses read as follows:

"I, Henry A. Kent, of the city of Brooklyn, county of Kings and state of New York, do make, publish and declare this my last will and testament as follows:

"I give, devise and bequeath to my children, to wit, Susan W. Hopkins, Frances K. Sanger, Sheldon L. Kent and Henry C. Hopkins, my son-in-law, and to their heirs and assigns, all my property, whether real, personal or mixed, in trust, and I also appoint the above-mentioned trustees my executors, with instructions as follows:

"1st. To pay all my debts.

"2d. To dispose as they may think advisable for all interests of all of my property.

"3d. To invest the surplus after paying my debts in such manner as they think advisable.

" 4th. To divide the income from such investments as follows in four equal parts, namely :

" To my wife, Amelia C. Kent, one part during her lifetime ; after her death her share to revert to my trustees for the benefit of my three children, their heirs and assigns, under the supervision of my trustees as above mentioned ; Susan W. Hopkins one-third, Frances K. Sanger one-third and Sheldon L. Kent one-third."

It appeared that the testator had another child, a son, Walter L. Kent, who is not mentioned in the will, and this appeal relates to his interest in the estate. The courts below have held that as to three-fourths of his estate, real and personal, the testator failed to make any valid disposition, and, consequently, died intestate as to that part. That as to the other one-fourth there was a valid trust created during the life of the widow for her benefit, with remainder over to the three children named absolutely. That the widow was entitled to dower in the lands undisposed of, and to a distributive share in the personal estate. No one appealed from this judgment except the son, Walter L. Kent, and he from that part of it only which adjudges that upon the death of the widow the remainder of her one-fourth share vests in fee in the other three children. The contention on his behalf is that there was no valid disposition made of the remainder, and that the testator died intestate as to that also. The limit of the controversy is thus reduced to a single inquiry. We may pass over the other provisions of the will, except the fourth clause for the benefit of the widow, and assume, what would seem to be entirely obvious from a glance at these provisions, that the deceased failed to create any beneficial interest in three-fourths of his estate in favor of any one, and that the trusts upon which he attempted to dispose of it are void.

It cannot be denied that the meaning of the testator, as expressed in the fourth clause, is involved in much doubt and obscurity, but it is the duty of courts in construing such a provision to so interpret it as to uphold rather than to render it void. (*Roe* v. *Vingut*, 117 N. Y. 218 ; *Du Bois* v. *Ray*, 35

id. 162; *Greene* v. *Greene*, 125 id. 512; *Post* v. *Hoover*, 33 id. 601; *Lytle* v. *Beveridge*, 58 id. 598.) It is quite clear that the testator intended to convey to his executors and trustees some interest in his property for the benefit of his widow during her life. While the language is not clear it is fairly to be gathered from it that he intended that she should receive the income of a share which evidently was one-fourth of his estate. The right to the income of this share, or the rents and profits of the same during her life, vested her with an equitable life estate in the share itself. This was the quantity of the estate conveyed to the trustees for the benefit of the widow. Its limit and term of duration is for the period of her life. At her death the purpose for which the trust was created is served, and, consequently, the estate of the trustees terminates and the share is released from the trust. (*Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Greene* v. *Greene*, *supra*; *Cooke* v. *Platt*, 98 N. Y. 38.) The question is, what becomes of it then or in whom is the beneficial interest vested? We think that the deceased has in effect said that this share, which, up to the time of the death of the widow was under the supervision of the trustees, shall revert to them " for the benefit of my three children, their heirs and assigns." And as there was no further active trust imposed upon the trustees, in respect to this share, the whole legal and equitable estate vested absolutely in the three children by the statute. They, and not the trustees, then became entitled to the possession and to the rents and profits, and, hence, under such circumstances, the remainder will vest in them under the provisions of the Statute of Uses and Trusts, and there can remain in the trustees no estate whatever, legal or equitable.

"§ 47. Every person who, by virtue of any grant, assignment or devise, now is or hereafter shall be entitled to the actual possession of lands and the receipt of the rents and profits thereof in law or in equity shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions as his beneficial interest.

"§ 49. Every disposition of lands, whether by deed or devise,

hereafter made, shall be directed to the person in whom *the right to the possession and profits* shall be intended to be. invested, and not to any other to the use of or in trust for such person, and, if made to one or more persons to the use of or in trust for another, no estate or interest, legal or equitable, shall vest in the trustee."

At the death of the widow the possession, management and control of the share for her benefit terminates and that of the three children begins. The learned counsel for the defendant Walter L. Kent insists that the true construction of the provision is that the trustees, notwithstanding the death of the widow, still hold the share in trust as before for the benefit of the three children, their heirs and assigns in perpetuity, and this disposition being void the remainder fails, and, upon the death of the widow, the share vests in possession in the heirs at law. The inaccurate language of the testator of course affords a wide scope for ingenious reasoning, but to construct a perpetuity upon the life estate of the widow, for the purpose of defeating the remainder, would be. not only to impute to the testator an intention quite improbable and exceedingly difficult to find, but ascribe to his words a scope and meaning which they will scarcely bear.

The interpretation given to the instrument by the court below is more in harmony with settled principles of construction, does less violence to language and is more in accord with the presumed intention of the testator.

The judgment should be affirmed, with costs to all parties out of the estate.

All concur, except GRAY, J., not sitting.

Judgment affirmed.