JULIUS JACOBY, Appellant, *v.* HENRIETTA JACOBY et al., Respondents, and SAMUEL JACOBY et al., Appellants.

1. WILL — PASSIVE TRUST — WHEN GIFT TO DESIGNATED PERSON, IN TRUST FOR RESIDUARY LEGATEES, FAILS TO CREATE A VALID ACTIVE TRUST. Where a testator, by the first clause of his will, gives to his wife all his estate in trust for the residuary legatees, subject to certain specific legacies, and, by the sixth clause of the will, gives all the residue and remainder of his property to his residuary legatees, naming his wife and four of his children as such legatees, directing " the same to be equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years, and until such time and during his minority I desire that my wife shall receive and have the sole use of the rents and income of my estate after payment of any tax or expense incidental to the use and care of said property," no valid trust is created by such provision; the designated trustee is herself one of the residuary legatees, and not a single trust duty or function is imposed upon her; the projected trust is clearly a passive one, which, under section 73 of the Real Property Law, transmits no title to the trustee, and the estate vests, therefore, in the five residuary legatees named in the will, subject to the wife's use during the minority of the youngest child, or until his earlier death.

2. WILL — WHEN PROVISION SUSPENDING DIVISION OF RESIDUARY ESTATE DURING THE MINORITY OF " YOUNGEST CHILD " NOT IN CONTRAVENTION OF STATUTE FORBIDDING SUSPENSION OF POWER OF ALIENATION. The provision that the property shall be divided among the residuary legatees "after the youngest child of them shall have attained the age of twenty-one years," and that, " until such time and during his minority," the widow shall have the use and income of the estate, does not render the will void (1) because it suspends the power of alienation during a fixed period not measured by lives, and (2) because the same power is suspended during the existence of more than two lives in being; there is nothing in the will to indicate that it was testator's intention to suspend the power of alienation for a fixed period of time; on the contrary, the term used, when given its usual legal meaning, imports simply a suspension during a " minority," and that expression,

as defined by the statute (Real Prop. Law [L. 1896, ch. 547], § 32), is deemed to signify "a part of a life and not an absolute term equal to the possible duration of such minority;" and the direction that the testator's property "be equally divided and equally shared" among his wife and children, "after the youngest child of them shall have attained the age of twenty-one years," must be construed as of the time of the testator's death, and so construed it plainly refers to the youngest of his children then living, who was in fact his youngest child, and a suspension of the power of alienation during his minority is valid.

*Jacoby* v. *Jacoby*, 113 App. Div. 913, affirmed.

(Argued March 1, 1907; decided March 15, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 27, 1906, which affirmed a judgment of Special Term construing the will of Julius Jacoby, deceased.

The action was brought to obtain a decree adjudging void certain alleged trusts and powers in the will of Julius Jacoby, deceased, and that the decedent died intestate as to the residuum of his property on the ground that the testamentary disposition suspended the absolute ownership and power of alienation of the decedent's estate for a period beyond that allowed by law.

Julius Jacoby died in the borough of Brooklyn, county of Kings, in this state, on the 15th of May, 1901, leaving a last will and testament, the essential parts of which are as follows: "*First.* After all my lawful debts are paid, I give and bequeath all my property of whatever name or kind that I may own at the time of my death to my wife, Henriette Jacoby, in trust for the residuary legatees hereinafter named, subject to the following bequests." This first clause is followed by four others which relate wholly to specific legacies, after which the testator further provided: "*Sixth.* All the residue and remainder of my property, both real and personal, and after the payment of the foregoing bequests I give, devise and bequeath to the following named residuary legatees, namely, to my wife, Henriette Jacoby, Esther Jacoby, Nathan Jacoby, Edward Jacoby and Charles Jacoby, the same to be

equally divided and equally shared among them after the youngest child of them shall have attained the age of twenty-one years, and until such time and during his minority I desire that my wife shall receive and have the sole use of the rents and income of my estate after payment of any tax or expense incidental to the use and care of said property." The seventh and succeeding clauses of the will are not material to the controversy at bar.

This will was duly admitted to probate, and thereafter this action was brought by the plaintiff, who was one of the testator's four children by a former marriage, against the testator's second wife and the four children of the marriage with her, who are the residuary legatees named in the will.

*Alton B. Parker, Francis A. McCloskey, Charles J. Belfer* and *Samuel J. Flash* for appellant. The testator by the terms of his will created an active express trust in his wife, Henrietta Jacoby, to collect the rents, profits and income. (*Morse* v. *Morse,* 85 N. Y. 53 ; *Sicker* v. *Sicker,* 23 Misc. Rep. 737 ; *Vernon* v. *Vernon,* 53 N. Y. 351 ; *Tobias* v. *Ketchum,* 32 N. Y. 319 ; *Garvey* v. *McDevitt,* 72 N. Y. 556 ; *Spitzer* v. *Spitzer,* 38 App. Div. 436.) The attempted trust in Henrietta Jacoby to receive the rents and profits and apply them to her own use until after the youngest of the four designated minors shall have attained the age of twenty-one years is void, because it suspends the absolute power of alienation beyond two lives in being at the time of his death. (*Ochletter* v. *Smith,* 41 N. Y. 328 ; *Haynes* v. *Sherman,* 117 N. Y. 434 ; *Herzog* v. *T. G. & T. Co.,* 177 N. Y. 86 ; *Hawley* v. *James,* 16 Wend. 61 ; *Jennings* v. *Jennings,* 7 N. Y. 546 ; *Bindrim* v. *Ulrich,* 64 App. Div. 444 ; *Walsh* v. *Waldron,* 17 N. Y. Supp. 829 ; 135 N. Y. 650 ; *C. T. Co.* v. *Egleston,* 95 N. Y. Supp. 945 ; 185 N. Y. 23 ; Chaplin on Sus. of Alienation, § 98.) If the trust attempted to be created is limited to continue until after Charles, the youngest child of them, shall have attained the age of twenty-one years, it is void, because the limitation is dependent not on life but on time.

(*Staples* v. *Hawes,* 39 App. Div. 452; *Rice* v. *Barrett,* 102 N.
Y. 162; *Greene* v. *Greene,* 125 N. Y. 508; *Kalish* v. *Kalish,*
166 N. Y. 368; *Underwood* v. *Curtis,* 127 N. Y. 129; Gerard
on Titles [3d ed.], 226; *Walsh* v. *Waldron,* 63 Hun, 315; 135
N. Y. 650; *Haynes* v. *Sherman,* 117 N. Y. 434; *Hagemeyer*
v. *Saulpaugh,* 97 App. Div. 535; *Titus* v. *Weeks,* 37 Barb.
136.)   The direction that the testator's estate shall be equally
divided and equally shared after the youngest of the four
children shall have attained the age of twenty-one years, is an
attempt to create a future estate which is limited upon an
unlawful condition and event, in that it cannot be definitely
said until such time in whom the estate will ultimately vest,
and there was no vesting in the residuary legatees of Julius
Jacoby, deceased. (*Kilpatrick* v. *Barron,* 54 Hun, 322;
*Hennessy* v. *Patterson,* 85 N. Y. 91; *Haynes* v. *Sherman,*
117 N. Y. 433; *Everett* v. *Everett,* 29 N. Y. 39; *Bindrim*
v. *Ulrich,* 64 App. Div. 444; *Greenwald* v. *Waddell,* 116
N. Y. 234; *Lewisohn* v. *Henry,* 179 N. Y. 352; *Matter
of Crane,* 164 N. Y. 71; *Matter of Baer,* 147 N. Y. 348.)
Whether viewed as creating an express trust, a future estate
or a power in trust, the will at bar is equally invalid. (*Read*
v. *Williams,* 125 N. Y. 560; *Moncrief* v. *Ross,* 50 N. Y.
431; *Hetzel* v. *Barber,* 69 N. Y. 1; *Garvey* v. *McDevitt,* 72
N. Y. 556; *Tilden* v. *Green,* 130 N. Y. 29.) The trust pro-
visions constitute a single entire trust and scheme, and the
entire trust being void, all its provisions fall with it.   It was,
therefore, error for the trial court, after declaring the trust
void, to attempt to carry out the testator's design by saying that
the property vested in the wife until Charles was twenty-one
or until his earlier death. (*Tilden* v. *Green,* 130 N. Y. 29;
*Knox* v. *Jones,* 47 N. Y. 389; *Adam* v. *Perry,* 43 N. Y.
487; *Garvey* v. *McDevitt,* 72 N. Y. 556; *Kalish* v. *Kalish,*
166 N. Y. 368; *Greene* v. *Greene,* 125 N. Y. 508.)

*Thomas Kelby* and *James W. Ridgway* for Henrietta
Jacoby et al., respondents.   The will does not create any valid
trust, and the residuary legatees take an absolute legal estate.

(*Rawson* v. *Lampman,* 5 N. Y. 456; *Fisher* v. *Hall,* 41 N. Y. 416; *Woodgate* v. *Fleet,* 64 N. Y. 573; *S. S. Bank* v. *Holden,* 105 N. Y. 415; *Hopkins* v. *Kent,* 145 N. Y. 363; *Matter of De Ruyck,* 99 App. Div. 596; *Guental* v. *Guental,* 113 App. Div. 310; *Denison* v. *Denison,* 185 N. Y. 438; *Downing* v. *Marshall,* 23 N. Y. 366; *Greene* v. *Greene,* 125 N. Y. 506.) The residuum is to be divided when testator's youngest child, Charles Jacoby, reaches majority or dies before that time. (*Matter of Sand,* 63 N. Y. Supp. 67; *Muller* v. *Struppman,* 60 Abb. [N. C.] 350; *Lang* v. *Ropke,* 5 Sandf. 369; *Burke* v. *Valentine,* 52 Barb. 436; *Gilman* v. *Reddington,* 24 N. Y. 9; *James* v. *Beasley,* 14 Hun, 520; *Eels* v. *Lynch,* 21 N. Y. Super. Ct. 465; *Van Cott* v. *Prentice,* 104 N. Y. 45; *Roe* v. *Vingut,* 117 N. Y. 204; *Hawley* v. *James,* 16 Wend. 61.)

*John M. Zurn* for Edward Jacoby et al., respondents. The power of alienation is not suspended by the will beyond the statutory period. (*Denison* v. *Denison,* 185 N. Y. 438; *Greene* v. *Greene,* 125 N. Y. 512; *Hopkins* v. *Kent,* 145 N. Y. 363; *Roe* v. *Vingut,* 117 N. Y. 204.) The trust mentioned in the will is not a valid active trust, but a passive trust only, and the residuary legatees obtain the whole estate, both legal and equitable. (L. 1896, ch. 547, § 73.)

WERNER, J. The appellants claim and the respondents concede that the first or "trust" clause of the will is invalid, but they do not agree as to the reasons for its invalidity, or its effect upon the rest of the will.

With great elaboration and much force the learned counsel for the appellants contend, in substance, that when the first and sixth clauses of the will are read together, as they should be, it becomes apparent that the trust is void because it involves an unlawful suspension of the power of alienation, which is so inseparably interwoven with all the other essential features of the will as to render the whole instrument void.

The respondents, while conceding the invalidity of the

trust, contend that it is nullified, not by the statute against unlawful suspension, but by the statutory provisions relating to passive or "dry" trusts, and that its extirpation from the will does not affect the rest of the testator's plan for the devolution of his estate.

By the first clause the testator gives to his wife all his estate, in trust for the residuary legatees, subject to certain specific legacies. The residuary legatees named in the sixth clause are the testator's wife and his four children, Esther, Nathan, Edward and Charles. The property is directed " to be equally divided and equally shared among them *after the youngest child of them shall have attained the age of twenty-one years, and until such time and during his minority,* I desire that my said wife shall receive and have the sole use of the rents and income of my said estate."

No second reading of these two clauses of the will is necessary to demonstrate that they create no valid trust. The designated trustee is herself one of the residuary legatees, and not a single trust duty or function is imposed upon her. The projected trust is clearly a passive one which, under section 73 of the Real Property Law, transmits no title to the trustee, but devolves it directly upon those entitled to the ultimate beneficial estate. (*Rawson* v. *Lampman,* 5 N. Y. 456 ; *Fisher* v. *Hall,* 41 N. Y. 416 ; *Woodgate* v. *Fleet,* 64 N. Y. 573.) By the sixth clause the ultimate beneficiaries are the testator's wife and the four children named, subject to the wife's use of the estate during the minority of the youngest child of them. Unless there is something in this sixth clause directing an unlawful suspension of the power of alienation it is, therefore, plain that the estate has vested in the five named residuary legatees, subject to the wife's use during the minority of the youngest child, or until his earlier death, for it is well settled that a term measured by a minority ends upon the death of the minor. (*Roe* v. *Vingut,* 117 N. Y. 204 ; Real Prop. Law, sec. 32.)

The next question to be considered is whether there is anything in the will which offends against the statute forbidding

9

the absolute power of alienation of real property by any limitation or condition for a longer period than during the continuance of not more than two lives in being at the creation of the estate.. Counsel for the appellants contend that when the sixth clause is read and construed in connection with the context of the whole instrument, the testator's direction that the widow shall have the use and income of the estate "until such time and during his minority," makes it plain that the testator not only referred to the minority as a fixed period of time, but that the particular minority mentioned is that of the testator's youngest surviving child who shall reach the age of twenty-one years. It needs neither argument nor authority to show that if the will before us can be fairly thus construed, it is irretrievably void, (1) because it suspends the power of alienation during a fixed period not measured by lives, and (2) because the same power is suspended during the existence of more than two lives in being.

We cannot subscribe to the view that there is anything in the will to indicate that it was the testator's intention to suspend the power of alienation for a fixed period of time. On the contrary, the term used, when given its usual legal meaning, imports simply a suspension during a "minority," and that expression, as defined by the statute, is deemed to signify "a part of a life and not an absolute term equal to the possible duration of such minority." (Real Prop. Law, sec. 32.)

Neither is the second contention of the appellants, to the effect that the power of alienation is suspended for more than two lives in being, any more admissible than the first. If we should assume that the phraseology of the will were ambiguous, so that it might be given either of two meanings, it would be our duty to adopt that which will uphold the will. (*Hopkins* v. *Kent*, 145 N. Y. 367.) Thus if we were in doubt as to whether the division of the testator's property is directed to be made when the youngest of his children shall have arrived at the age of twenty-one years, or upon the majority of the youngest of his children who shall reach that age, we should have to interpret the will as directing the former dis-

position, because it is valid, as against the latter direction, which is invalid.

It is not necessary, however, to go to that extremity, for we think the testator's language is reasonably clear and unambiguous.   He directs that his property "be equally divided and equally shared" among his wife and children, "after the youngest child of them shall have attained the age of twenty-one years."   If we apply to this language the rule that the will speaks as of the time of the testator's death, it plainly refers to the youngest of his children then living, who was in fact the testator's youngest child, and a suspension of the power of alienation during "his minority" is unquestionably valid.   (Chaplin on Suspension, etc., sec. 100; *Van Cott* v. *Prentice*, 104 N. Y. 56.)   Much more might be written upon the various suggestions so elaborately and ably presented on behalf of the appellants, but it would add nothing substantial to the discussion.   In the last analysis every case involving the construction of a will must be decided upon its own particular facts and circumstances, and we have said enough to indicate that we have no doubt as to the validity of this will.

The judgment herein should be affirmed, with one bill of costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment affirmed.