In the Matter of the Accounting of ANN WILEY et al., as Executors of GEORGE WILEY, Deceased, Respondents.

ELIZA ˙E. ROXBURY, as Administratrix ˙of the Estate of CHARLES W. ROXBURY, Deceased, et al., Appellants; ANN WILEY et al., Respondents.

*Matter of Wiley,* 111 App. Div. 590, reversed.
(Argued February 27, 1907; decided April 9, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 9, 1906, which reversed a decree of the New York County Surrogate's Court judicially settling the accounts of

the executors herein and directing distribution of the residuary estate.

*Henry A. Forster, William H. Hamilton, Charles H. Beckett* and *Warren McConihe* for appellants.

*Robert E. Deyo,* for executors, respondents.

*Francis S. Williams* and *Clarence L. Barber* for Ann Wiley et al, respondents.

*Per Curiam.* We concur in the dissenting opinion of HOUGHTON, J., in the Appellate Division and reverse the judgment below on the grounds therein stated. We may add that if the construction of the residuary clause adopted by the majority of the Appellate Division were accepted, a question would arise as to the validity of the conditional limitation therein contained as suspending the absolute ownership of personal property and the vesting of real estate during a period not terminable on lives. (*Henderson* v. *Henderson,* 113 N. Y. 1.) Suspension of the power of alienation is not the only factor in our rule against perpetuities. In *Oxley* v. *Lane* (35 N. Y. 340), cited by the Appellate Division, it was substantially conceded that if the whole estate was to be divided solely among those who survived to the period of distribution the provision was invalid (p. 349). Such is the construction of the will adopted by the Appellate Division in this case. In *Matter of Denton* (137 N. Y. 428) the several parts of the residuary estate indefeasibly vested either at the death of the testator or at the termination of one life in being thereafter or of two lives in being thereafter and .thus in no way contravened the statute.

The judgment of the Appellate Division should be reversed and the decree of the surrogate affirmed, with costs to appellants in both courts, payable out of the estate, on the dissenting opinion of HOUGHTON, J., below.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.