## SEITZ et al. v. FAVERSHAM et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. WILLS (§ 498*)—CONSTRUCTION—"ISSUE."

    Unless the language of the will or the external circumstances afford a strong reason for a contrary construction, the word "issue" is ordinarily given its primary meaning of "descendants."

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. § 498.*

    For other definitions, see Words and Phrases, vol. 4, pp. 3778–3793; vol. 8, p. 7693.]

2. PERPETUITIES (§ 6*)—SUSPENDING POWER OF ALIENATION.

    A will devising land to the issue of testatrix's niece in equal shares as joint tenants when the youngest of such issue attains the age of 21 years, and providing that, in the event of the death of any such issue before the youngest survivor attains the age of 21 years, the share of decedent should go to the survivors, did not, when construed so as to make the estate vesting at testatrix's death, subject to open and let in subsequently born children, unlawfully suspend the power of alienation, since the time within which such issue might be let in was necessarily limited to the niece's life.

    [Ed. Note.—For other cases, see Perpetuities, Dec. Dig. § 6.*]

3. WILLS (§ 524*)—CONSTRUCTION—DEVISES TO A CLASS.

    While a will devised property to the issue of testatrix's niece as joint tenants when the youngest of such issue attained the age of 21 years, and provided that in the event of the death of such issue before the youngest survivor became 21 years of age decedent's share should go to the survivors, the devised estate vested in the issue at testatrix's death, subject to open up and let in children born to the niece between the time of testatrix's and the majority of the youngest child.

    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 524.*]

Appeal from Special Term, Kings County.

Action by Louis A. Seitz and another, as executors and trustees under the last will and testament of Eliza Graf, against Philip Faversham and others. From a judgment construing a will, plaintiff and two of defendants appeal. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

William G. Cooke (Howard O. Wood, on the brief), for plaintiffs.
John Ewen, for defendants Faversham.
Wm. W. Bliven, for other defendants.

CARR, J. This is an appeal from a judgment construing several clauses of the last will of Eliza Graf, deceased. The more important controversy arises as to the validity and meaning of the eighth clause of the will, which is as follows:

"I give and devise to the issue of my niece Julia Opp Faversham, and her husband William Faversham, the house and lot of land No. 397 Central avenue in the Borough of Brooklyn, City of New York. To have and to hold the same in equal shares, as joint tenants and not as tenants in common, when the youngest of such issue attains the age of twenty-one years, the net income after the payment of taxes, water rates, insurance, repairs and running expenses, to be applied to their use in equal shares, in the meantime. In the event of the death of any such issue before the youngest

survivor shall attain the age of twenty-one years, then I give the share of the one so dying to the survivors of such issue."

The learned trial court held that this clause constituted a valid devise of the specified real property to the children of Julia Opp Faversham who were in being at the time of the death of the testatrix, and that the estate so devised was vested, subject, however, to open and let in subsequent born children of Mrs. Faversham, and subject likewise to the contingency of a divesting of title by death in the time running before the event fixed for enjoyment in absolute fee. In the decision of the trial court, the word "issue" as used in this clause of the will is deemed to have meant the same thing as "children." The contentions of the respective appellants here are based upon the same assumption. If, however, the word "issue" was employed in its primary sense as meaning descendants, then the clause in question would be clearly void for remoteness and as working an unlawful suspension of the power of alienation. Unless there be clear reason shown to the contrary, either in the will itself or in outside circumstances, the word "issue" is given ordinarily its primary meaning. Schmidt v. Jewett, 127 App. Div. 376, 111 N. Y. Supp. 680; s. c., 195 N. Y. 486, 88 N. E. 1110, 133 Am. St. Rep. 815, and cases cited. Inasmuch as the parties who would take the property in question were the eighth clause of the will invalid are parties to this action, and have acquiesced, by failure to appeal, in the decision that the word "issue" was meant in the sense of "children," there is no occasion here for a discussion of that question. The defendants Philip and William Faversham, the now living children of the niece of the testatrix, who are infants of tender age, appeal from the judgment so far as it determines that their estate is liable to open and let in their after-born brothers and sisters, if such should be. They urge that, if their estate be subject to open and let in subsequently born children, the devise to them would be invalid because of a suspension of the power of alienation during the time in which such contingency might occur. This time, however, is necessarily limited upon the life of either their father or mother, for at the death of either it is necessarily determined who are the children to take. Tucker v. Bishop, 16 N. Y. 402. The devise to each child is vested as it was in being or as it comes into being and nothing intervenes between it and its right to full enjoyment of the estate but the period of a minority. Under these circumstances, there would be no unlawful suspension of the power of alienation. Manice v. Manice, 43 N. Y. 380; Radley v. Kuhn, 97 N. Y., at page 35.

It is urged, further, that the devise to the children of her and Mrs. Faversham is a devise to a class, and that primary rule of construction is that the class is determined as to its membership as it existed at the time of the death of the testatrix. This is so where the devise gives an immediate right of possession, but this rule is qualified by the familiar and correlative rule that, where the right of enjoyment is postponed to the happening of a future event, the estate devised, though immediately vested, is subject to open and let in all persons born after the death of the testator who would answer the description of the class at the time when the right to enjoyment accrues. The most

familiar example of this rule arises where an antecedent estate has been carved out; e. g., a life estate. Bisson v. West Shore R. R. Co., 143 N. Y. 125, 38 N. E. 104. In the case at bar there is no antecedent estate, but there is a postponement of the right of possession and enjoyment until the arrival of the youngest child at the age of 21 years. The effect is the same for the vested estate of the children living at the death of the testator will open to let in those who come into being before the absolute right of possession and enjoyment accrues. 2 Jarman on Wills (6th Amer. Ed.) 1015 et seq.

There are some other questions presented on this appeal which we deem it unnecessary to discuss, as the propriety of their determination by the trial court is sufficiently clear.

The judgment should be affirmed, with a bill of costs to each of the parties, payable out of the estate. All concur.