LOUIS A. SEITZ et al., as Executors and Trustees under the Will of ELIZA GRAF, Deceased, v. PHILIP FAVERSHAM et al., Appellants, and MINNIE RICHTER et al., Respondents.

Will — provisions of will, devising property to the "issue" of persons named, construed and held that the word "issue" is used as meaning descendants in existence at death of testatrix.

By the 8th clause of her will testatrix devised to the "issue" of her niece and her husband, also therein named, real estate therein described, "To Have and to Hold the same in equal shares, as joint tenants and not as tenants in common, when the youngest of such issue attains the age of twenty-one years, the net income after the payment of taxes, water rates, insurance, repairs and running expenses, to be applied to their use in equal shares, in the meantime. In the event of the death of any such issue before the youngest survivor shall attain the age of twenty-one years, then I give the share of the one so dying to the survivors of such issue." At the time of her death testatrix was survived only by her said niece and her husband, and their two children. *Held*, that the

testatrix used the word "issue"·in its primary sense, as meaning descendants, but meant the issue who would be in existence at her death and not after-born children, and that the devise refers only to issue living at the death of the testatrix, that is, the then living children of the niece and nephew named in such 8th clause.

*Seitz* v. *Faversham*, 141 App. Div. 903, modified.

(Argued March 5, 1912; decided April 9, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 10, 1911, which affirmed a judgment of Special Term construing the will of Eliza Graf, deceased.

This action was brought to construe the last will and testament of Eliza Graf, late of the borough of Brooklyn, who died on the fourth of October, 1909, leaving both real and personal property but neither ancestor nor descendant, brother or sister. Aside from her husband her sole survivors were Julia Opp Faversham, a niece, and Philip Faversham, born November 26, 1907, and William Faversham, Jr., born October 31, 1905, the only children of the said Julia and her husband, William Faversham, all of whom are still living. No other child has been born to the said parents. The will was executed on the 29th of April, 1908, and of the fifty-nine clauses therein the court was asked by the plaintiffs, as executors and trustees, to construe six, and no party asked for the construction of any other. The court at Special Term made findings of fact and conclusions of law, and all parties acquiesced in the judgment entered thereon except the plaintiffs, who appealed from one part thereof and the infant defendants, Philip and William Faversham, Jr., who through their guardian *ad litem* appealed from another part, to the Appellate Division where the judgment was in all respects unanimously affirmed. The infants only appealed to this court.

*John Ewen* and *William R. Wilder* for appellants. The appellants' interest in the property given by the 8th paragraph of the will is not subject to open or let

in after-born issue of Julia Opp Faversham and William Faversham. The word "issue" used in the 8th clause of the will refers only to issue living at the time of the death of the testatrix, and any other construction would render the disposition invalid. (*Schmidt* v. *Jewett*, 127 App. Div. 376; 195 N. Y. 486; *Jacoby* v. *Jacoby*, 188 N. Y. 124; *Woodgate* v. *Fleet*, 64 N. Y. 566; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Matter of Smith*, 131 N. Y. 239; *Roe* v. *Vingut*, 117 N. Y. 204; *Trask* v. *Sturges*, 170 N. Y. 482; *Matter of Lally*, 136 App. Div. 781; *Coston* v. *Coston*, 118 App. Div. 1; *Matteson* v. *Palser*, 56 App. Div. 91; *Manice* v. *Manice*, 43 N. Y. 303; *Radley* v. *Kuhn*, 97 N. Y. 26.)

*Howard O. Wood* for respondents. An estate in fee vested in the Faversham children immediately upon the death of the testatrix. (*Manice* v. *Manice*, 43 N. Y. 380; *Radley* v. *Kuhn*, 97 N. Y. 35.) The estate in Philip and William, Jr., is liable to be divested to the extent of letting in any after-born children of their father and mother. (*Wadsworth* v. *Murray*, 161 N. Y. 274; *Matter of Smith*, 131 N. Y. 246.) The 8th clause undoubtedly creates a valid trust for the term of one life and a minority. (*Manice* v. *Manice*, 43 N. Y. 303.)

VANN, J. The only clause of the will in question that now requires construction is the eighth, which is as follows: "I give and devise to the issue of my niece, Julia Opp Faversham, and her husband, William Faversham, the house and lot of land No. 397 Central Avenue in the borough of Brooklyn, city of New York, To Have and to Hold the same in equal shares, as joint tenants and not as tenants in common, when the youngest of such issue attains the age of twenty-one years, the net income after the payment of taxes, water rates, insurance, repairs and running expenses, to be applied to their use in equal shares, in the meantime. In the event of the death of any such issue before the youngest survivor shall attain

the age of twenty-one years, then I give the share of the one so dying to the survivors of such issue."

By the residuary clause a trust was created for a purpose not now material and by another clause the plaintiffs were appointed "executors and trustees of this my last Will and Testament."

The learned Appellate Division held that if the word "issue" was used in its primary sense as meaning descendants, the clause would be void "for remoteness and as working an unlawful suspension of the power of alienation." As, however, the parties who would take the property in that event did not appeal, it was further held that they thereby "acquiesced" in the decision of the Special Term that the word "issue" was "meant in the sense of children" and, hence, there was "no occasion for a discussion of that question."

In answer to the claim of the infant appellants that if their estate opens to let in later born children "the devise to them would be invalid because of a suspension of the power of alienation during the time in which such contingency might occur," it was said: "This time, however, is necessarily limited upon the life of either their father or mother, for at the death of either it is necessarily determined who are the children to take. (*Tucker* v. *Bishop*, 16 N. Y. 402.) The devise to each child is vested as it was in being or as it comes into being, and nothing intervenes between it and its right to full enjoyment of the estate but the period of a minority." Upon the assumption that the devise was to a class, as it did not give an immediate right of possession, it was regarded as "subject to open and let in all persons born after the death of the testator who would answer the description of the class at the time when the right to enjoyment accrues." (141 App. Div. 903, 905.)

Section 42 of the Real Property Law (Cons. Laws, ch. 50), which was in force when the testatrix died, is as follows: "The absolute power of alienation is suspended, when there are no persons in being by whom an absolute

fee in possession can be conveyed. Every future estate shall be void in its creation, which shall suspend the absolute power of alienation, by any limitation or condition whatever, for a longer period than during the continuance of not more than two lives in being at the creation of the estate; except that a contingent remainder in fee may be created on a prior remainder in fee, to take effect in the event that the persons to whom the first remainder is limited, die under the age of twenty-one years, or on any other contingency by which the estate of such persons may be determined before they attain full age. For the purposes of this section, a minority is deemed a part of a life, and not an absolute term equal to the possible duration of such minority." This is a re-enactment of sections 14 to 16, inclusive, of the article of the Revised Statutes relating to the creation of estates. (2 R. S. [6th ed.] p. 1101, original paging 723.)

According to section 43, old number 17, "successive estates for life shall not be limited, except to persons in being at the creation thereof." Sections 14 to 17, inclusive, of the old law were repealed by section 460 of the Real Property Law.

When the testatrix wrote "issue," I think she used the word in its primary sense but meant the issue who would be in existence at her death. Otherwise she must have intended the clause to be void in case a child were born after her death, because such child would not be a life in being within the meaning of the statute, yet alienation would be postponed until it, as "the youngest survivor," should attain the age of twenty-one years. She evidently used the word "issue" with the same meaning on each of the four occasions that she wrote it in the two sentences of the same clause. When she said "any of such issue" instead of "either" and the "survivors of such issue," instead of "survivors," she doubtless thought the other children might be born before her death. If by the devise "to the issue" of her niece she meant after-born as well as living children, not only would enjoyment

be postponed until the date "when the youngest of such issue attains the age of twenty-one years," but an after-born child, if only one, and the youngest after-born child, if more than one, might be "the youngest survivor," yet he would not have been "in being at the creation of the estate." A life not in being when the will speaks is not a life by which the duration of an estate may be lawfully measured. A future contingent estate vested in the two infant appellants upon the death of the testatrix, subject to divestment as to either should he die before he became of age. The duration of that estate is not measured solely by the life of their mother or father, for if either had died the day after the testatrix, the estate would have continued. It will continue until the youngest survivor of the two "issue" now living, if they alone were meant by issue, shall attain his majority and clearly that would be within the law. If, however, after-born children were also meant, then the life of the youngest survivor of perhaps half a dozen, would measure the duration of the estate although he was not in being when it was created and this would be without the law. "A contingent future estate or interest which is so limited that by the terms of its creation it may yet vest in persons not now in being, occasions a suspension of the absolute power of alienation, because there are 'no persons in being' who can effect an absolute conveyance of it." (Chaplin on the Power of Alienation, § 40.)

I think the testatrix meant living issue only and that she did not intend to include after-born children, because that would defeat the entire clause. Moreover, there is no express provision for after-born children and only living children could take a primary legacy. She is presumed to have intended a valid and not an invalid disposition of the house and lot in question, no personal property having been disposed of by the eighth clause. When either of two constructions is possible, one of which would be valid and the other invalid, the former will be preferred because it is presumed to accord with the actual

1912.]                Opinion, per VANN, J.                [205 N. Y.]

intention.  (*Roe* v. *Vingut,* 117 N. Y. 204; *Trask* v. *Sturges,* 170 N. Y. 482; *Jacoby* v. *Jacoby,* 188 N. Y. 124; *Hopkins* v. *Kent,* 145 N. Y. 363.)

The case does not come within the exception named in the statute, because the duration of the estate must not exceed "the continuance in life of not more than two persons in being at the creation" thereof, although a single exception is provided for, as "a contingent remainder in fee, may be created on a prior remainder in fee, to take effect in the event that the persons to whom the first remainder is limited, shall die under the age of twenty-one years.  \* \* \*" The meaning of the exception was thus expressed by Judge RAPALLO in a noted case: "The revisers, by means of that section (old number 16) intended to adopt the English limit of suspension, viz., lives in being and twenty-one years afterward, with a modification reducing the lives to two and providing that the twenty-one years, instead of being an absolute term, must depend upon the continuance of the minority of the person to whom the defeasible remainder in fee is limited." (*Manice* v. *Manice,* 43 N. Y. 303, 375.)

While a contingent remainder in fee may be limited on a prior remainder in fee the limitation must end within the period prescribed.  If a remainder in fee were limited on the death of the youngest issue in its broadest sense, it might not take effect until the death of one of the parents and not until after the minority of a possible unborn child and the one on whose minority the trust depends, except as to one share, is not the person to whom the remainder, or substituted remainder, is given. (*Matter of Wilcox,* 194 N. Y. 288.)

I also think, as both parties concede, that a trust arises from the appointment of trustees and the direction to apply "the *net* income" after payment of expenses. While the appointment of trustees is general and there is a trust created in express terms, upon whom is the management devolved by which a "net income" results and by whom is it to be applied, if not by the trustees

named in such a way as to cover any trust created by the will ?

If the will is so construed that a trust is created by the eighth clause, unless the devise to issue is confined to issue living at the testatrix's death, the trust would violate the statute and be void as suspending the power of alienation during the minority of a child not in being at the time of such death. The learned counsel for the respondent assumes that, under our statute as to real estate, the power of alienation may be suspended during two lives in being and the minority of a person not in being. *Roe* v. *Vingut* (117 N. Y. 204) is a clear authority to the contrary, for it was there held that a trust to continue during such a term would be void.

The judgments of the courts below should be modified by striking out the provision that the interests of the appellants are subject to open and let in after-born children, and by providing that the devise in the eighth paragraph of the will refers only to issue living at the death of the testatrix, which includes the appellants only, and as so modified affirmed, with costs to the guardian *ad litem*, payable out of the estate.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment accordingly.