(95 Misc. Rep. 73)

### In re MAGENHEIMER et al.

(Surrogate's Court, Kings County. April, 1916.)

TRUSTS ⊜⇒316(2)—ACCOUNTING—COMPENSATION OF TRUSTEE.

> Where a will directs the sale by. the executors of the whole estate, of which seven-fifteenths goes to the executors as trustees, on an intermediate accounting as trustees they are not entitled to commissions under the power of sale, but only to commissions as trustees computed on seven-fifteenths of the proceeds of the sale and the income therefrom.
>
> [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 455–459; Dec. Dig. ⊜⇒316(2).]

Proceeding on the settlement of the intermediate account of Frederick A. Magenheimer and another, as trustees under the last will and testament of Louis Magenheimer, deceased. Decree entered.

Reynolds & Geis, of Brooklyn (Leonard J. Reynolds, of Brooklyn, of counsel), for trustees.

William P. Pickett, of Brooklyn, special guardian.

KETCHAM, S. The will under which this accounting is made contains implied trusts, and therefore devises in trust to the executors. Under one of these one-third of the estate is given in trust to pay the net income thereof to the wife during her life or widowhood, and in the event of her death or remarriage to pay to each of the testator's children then under age the net income of a separate one-fifteenth of the fund so given in trust for the minority of such child. In the event of the death or remarriage of the wife there is devised to each child then of age a one-fifteenth of the said fund.

As to the remaining two-thirds of the estate, there is a devise of a one-fifth share thereof, or two-fifteenths of the estate, to each child of the testator who shall be of age at the death of the testator. As to any child then under age, there is a devise in trust of two-fifteenths of the estate to pay to such child the net income thereof during minori-

ty, and to pay to him the principal of such two-fifteenths upon his at-. taining majority. This construction is required by authority. Seitz v. Faversham, 205 N. Y. 197, 98 N. E. 385; Mee v. Gordon, 187 N. Y. 400, 80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172; Matter of Dewey, 153 N. Y. 63, 46 N. E. 1039; Ward v. Ward, 105 N. Y. 68, 11 N. E. 373; Morse v. Morse, 85 N. Y. 53.

The rule to which this will is subject has never received better expression than in the case of Ward v. Ward, supra, in which it is said:

"When the duties imposed are active and render the possession of the estate convenient and reasonably necessary, the executors will be deemed trustees for the performance of their duties, to the same extent as though declared to be so by the most explicit language."

None of the cases cited by the special guardian contain any denial or modification of his principle of construction. Those in which it was found that a trust could not be implied were expressly based upon the recognition and use of this principle. The testator left only one minor child, and the observations supra with respect to trusts for infant children are limited accordingly.

The executors named in the will are also the trustees, but the power of sale under which lands have been sold is given in name to the executors only. While this power might vest in the trustees as an adjunct of the trust, if the lands sold were wholly embraced in the trust, it must be otherwise when eight-fifteenths of the lands were devised to individuals and seven-fifteenths were devised to the trustees. In such case it would be impossible for the trustees, in pursuance of their trust, to sell any part of the eight-fifteenths; and it would be scarcely conceivable that an undivided portion of the lands could be sold by the executors and another portion sold by the trustees.

It is according to the text of the will that the executors may sell the entirety, while it is contrary to the testamentary expression that the trustees can do so. The solution, which coincides with reason as well as the letter of the will, is that the power resides in the executors alone, and that the devise, whether to trustees or individuals, was subject to the exercise of the power. Hence commissions upon the proceeds of the sale under the power might well be awarded to executors upon an accounting in that capacity, but in this account, which is confined to the trust, there can be commissions to them as trustees only, to be calculated upon seven-fifteenths of the proceeds, and the income therefrom.

This calculation must be upon a trust estate less than $100,000 in value, since it cannot include all the proceeds of sale. The decree may proceed accordingly.

Decreed accordingly.