In the Matter of the Estate of SIMON R. WEIL, Deceased.

Surrogate's Court, New York County, January 2, 1925.

**Wills — construction — claim against testator's estate arising from bequest made to testator by father — latter's will gave residue in trust to testator's mother — upon said mother's death remainder was to be divided into eight shares, some of which were directed to be held in trust for certain children — testator included in children to whom bequest of shares was made free from any trust — father provided for forfeiture of share of any child marrying outside of Hebrew faith and directed that in such event " share given or directed to be held in trust for such child shall be disposed of as if the said child had died " — testator married person outside of Hebrew faith after he had been paid all gifts under father's will and twenty years after death of mother — forfeiture clause only applies to marriage of children whose shares were directed to be held in trust — gifts .to testator were free from defeasance and claim against his estate disallowed — testator's marriage, happening twenty years after death of mother did not effect forfeiture of share — construction in accordance with practical situation in mind of testator's father.**

A clause in a will which directs the remainder of an estate to be divided into eight shares, some of which were to be held in trust for the further life

MATTER OF WEIL. **693**

Misc. 692]     Surrogate's Court, New York County, January, 1925.

of certain children and others given outright to the remaining children, and then provides for the forfeiture of the share of any child marrying outside the Hebrew faith, and further directs that upon the happening of such an event, "·the share given to or directed to be held in trust for such child shall be disposed of as if the said child had died," should be construed to apply only to the marriage of the children whose shares were directed to be held in trust and not to those taking free from any trust.

Accordingly, a claim against testator's estate predicated upon a forfeiture of his interest in his father's estate by reason of his marriage to a person not of the Hebrew faith, should be disallowed and dismissed, where it appears that the testator, under said will, was included among the children to whom the bequests of a one-eighth share of the remainder were made, free·from any trust, since testator's share in every part of the said will went to him free from any defeasance, and his marriage, after he had been paid all the gifts under the said will, did not effect the forfeiture of the funds and property paid to him. Moreover, testator's marriage twenty years after the death of his mother, for whom the residue of the estate was directed to be held in trust, did not effect a forfeiture of testator's interest in the said estate, since his.right to receive the various shares of the remainders under the will became free from any forfeiture at the date of his mother's death.

Such a construction is in accordance with the practical situation that existed in the mind of the testator's father on the execution of his will. By regarding the shares payable to the testator as free from forfeiture by reason of the restraint of marriage clause, a construction that would violate the provisions of the statute against perpetuities is avoided.

PROCEEDING for an accounting involving construction of will.

*Larkin, Rathbone & Perry,* for the executor.

*Samuel C. Steinbardt,* for Edgar Aronstein, claimant.

*Stewart & Shearer,* for New York Society for the Relief of Ruptured and Crippled.

*Frederic de P. Foster,* for the Society for the Blind.

*Hoadly, Lauterbach & Johnson,* for Mt. Sinai Hospital.

*Emil Goldmark,* for the Federation for the Support of Jewish Philanthropic Societies of New York City.

*George N. Whittlesey,* for the Children's Aid Society.

*De Forest Brothers,* for Presbyterian Hospital.

*Frederick Geller,* for Ida Yates Weil.

FOLEY, S.:

In this accounting proceeding Edgar Aronstein, a nephew of the decedent, in his own behalf and as assignee, has filed a claim against the estate in the sum of $54,569.12, with interest from March 5, 1921. The determination of the claim involves the construction of the will of testator's father, Max Weil, and particularly the question of whether certain gifts to Simon R. Weil were forfeited by reason of his marriage to a person not of the Hebrew faith.

Surrogate's Court, New York County, January, 1925.     [Vol. 124

The claim is based upon the following facts: Max Weil, the father of the testator here, died in the year 1887. His will was admitted to probate in this court on April 8, 1887. He bequeathed under paragraph 4 of his will to Simon R. Weil, the testator here, a legacy of $50,000. The residue of the estate was directed to be held in trust, with the entire income payable to his widow during her life. Upon her death, the remainder was to be divided into eight shares, some of which were directed to be held in trust for the further life of certain of the children and others were given outright to the remaining children. Simon R. Weil was included in the latter group and his one-eighth share of the remainder was disposed of in the following language: " I give, devise and bequeath to my son, Simon R. Weil, to have and to hold the same to him, his heirs, executors and administrators, according to the nature and quality of the estate, forever." The important part of Max Weil's will to be construed here is contained in the 8th paragraph and reads as follows: " I hereby order and direct, and it is my will, that if any one of my children shall marry a person of a different religious faith from mine, that the one so marrying shall lose and forfeit all share and interest in and benefit from my estate and I direct on the happening of such an event that the share given to or directed to be held in trust for such child shall be disposed of as if the said child had died, and I give and devise and bequeath the same to the same persons and in the same manner as I have already done in the case of the death of such child without leaving lawful issue surviving said child or my said wife."

The widow died before the year 1900. Simon R. Weil died in 1923. He had received in his lifetime from his father's estate the following amounts: (1) The net amount of the legacy of $50,000 given to him outright under paragraph 4; (2) $229,885.09, his share of the remainder given to him outright under paragraph 5; (3) the sum of $47,529.61, given to him as a remainderman under paragraph 5 from the trust fund which fell in upon the death of Louis J. Weil, his brother.

On March 5, 1921, Simon R. Weil married a person not of the Hebrew faith. The marriage took place after he had been paid all of the amounts recited above. Now over thirty years after the payment of the $50,000 legacy, over twenty years after the death of the mother, and several years after the receipt of the third fund by Simon R. Weil it is asserted that these various amounts must be repaid by his estate. The claimant, Aronstein, contends that by such marriage all of the funds paid to Simon R. Weil were forfeited. He contends further that under the provisions of paragraph 8 the gift over under that clause took effect and that dis-

tribution of the fund must be made to those persons in paragraph 5 and paragraph 8 who would be entitled to take had Simon died on the date of his marriage without issue.   The widow of Simon R. Weil, on the other hand, contends that the gifts to her husband were free from any defeasance.   In my opinion her contention must be sustained.   I hold that the interpretation of the clause in dispute did not effect a forfeiture of the funds and property paid to Simon R. Weil and that the claim must be disallowed.

It will be noted that the gift to Simon R. Weil in the will of the $50,000 legacy and his interest in the remainder after the death of the widow and after the death of Louis J. Weil were absolute in form.   Paragraph 5, having to do with the remainder interests, expressly gave him his share *forever*.   It is well settled that a condition in general restraint of marriage is void and inoperative as against public policy.   (*Robinson* v. *Martin*, 200 N. Y. 159.) On the other hand, however, a clause in special restraint of marriage, such as prohibition of marriage to a person outside of a particular faith, or to a designated person, is in the ordinary course valid. (*Matter of Seaman*, 218 N. Y. 77.  See, also, discussion of cases in 2 Jarman Wills [6th Eng. ed.], 1526 *et seq.;* 2 Schouler Wills [6th ed.], 1502.)   At the outset, we are to be bound by the oft-repeated maxim, that the general intention of the testator must be ascertained in order to interpret his will.   In the words of Judge ANDREWS in *Matter of Bump* (234 N. Y. 60, 63):  " In the construction of a will we seek the intent of the testator as exhibited by the words he has selected.   Canons of construction may aid us. Based as they are upon general considerations; upon guesses as to what the average man would intend by this expression or by that, we rest upon them in the absence of more certain indications. Slight variations of phrase, however, or differences in arrangement may lead us to opposite results."

In my opinion paragraph 8 of the will must be construed to apply only to the marriage of the children outside the faith whose shares were directed to be held in trust.   As such, the clause of forfeiture would have no application to the share of Simon R. Weil. Analyzing the clause from a grammatical standpoint, the testator directed that " if any one of my children shall marry a person of a different religious faith from mine " he shall lose his share and interest in the estate.   He then limited this general restriction by providing for the gift over as follows:   " I direct upon the · happening of such an event that the *share given to or directed to be held in trust* for such child shall be disposed of as if the said child had died."   It would appear that the words " given to " were modified by the subsequent words " in trust."   The only reference

to such trust may be found in paragraph 4 and paragraph 5, which deal with the shares for the secondary lives of Max Weil's sons, Edwin C. and Louis J., and his daughters, Fannie Aronstein and Bella Hochstadter. He fixed the prohibited marriage as the alternative termination of the trust and provided that distribution should be made, in such event, as if the life tenant had died. Under this theory of construction the forfeiture contained in paragraph 8 has no force or effect upon any share or interest given to Simon R. Weil. His share in every part of the will went to him free from any trust. I prefer, however, to base my opinion not only upon this ground, but also upon the interpretation of the entire will by holding that the marriage only effected a forfeiture if it occurred (1) during the lifetime of Max Weil, the father; or (2) during the lifetime of his widow, the primary life tenant, upon whose death Simon became entitled to his share of the remainder.

Under this construction, therefore, the right of Simon R. Weil to receive the proceeds of the legacy under paragraph 5 became absolute at the time of its payment over twenty-five years ago. Moreover, having married after his mother died, his right to receive the various shares of the remainders became free from any forfeiture at the date of the mother's death. The law looks with disfavor upon the defeasance of an absolute bequest unless the will clearly establishes the intent by the testator to accomplish that result. (*Graves* v. *Deterling,* 120 N. Y. 447.) It is also a familiar canon of construction that where a share is given in one part of a will in terms which are clear and positive, such estate cannot be cut down by a subsequent clause of the will, the words of which are less clear. (*Weber* v. *Kress,* 198 App. Div. 687; *Tillman* v. *Ogren,* 227 N. Y. 495.) We also find these recognized maxims applied in *Matter of Wiley* (188 N. Y. 579), decided upon the opinion of Mr. Justice HOUGHTON in the Appellate Division (111 App. Div. 590, 599), which contains the following language: " The law favors the vesting of estates; and limitations over, and vesting subject to be divested, and postponing enjoyment of property, will not be imputed to a testator if it can be avoided. It is only where the testator has unequivocally expressed his intention to create these artificial estates that the courts will adjudge them to exist."

The construction adopted here is more in accord with the practical situation that must have existed in the mind of the testator when he executed the will. As to those children whose shares were placed in trust and as to the remainder interest of all the children dependent upon the life estate of the widow, an effective preventive against a prohibited marriage was established. The interest in the funds

MATTER OF BENDIT. **697**

Misc. 697]     Surrogate's Court, New York County, January, 1925.

in the hands of the trustee, to which they were entitled, was immediately transferred to other beneficiaries. If such a marriage occurred after the property had been vested in the children entitled to their shares outright, no adequate or practical method of securing the return of the funds is provided by the will. Moreover, under the terms of the will, if the forfeiture was effective after the date of death of the father and of his widow, it became possible for the trusts to pass through the lives of more than two persons in being, in violation of our Statute against Perpetuities. Under such a construction the share of Simon R. Weil, if forfeited, might partially fall into the trusts created for the lives of his brothers and sisters, and thereby a trust for four or even more successive life estates would have been created. When either of two constructions is possible, one of which would be valid and the other invalid, the former will be preferred because it is presumed to accord with the actual intention. (*Seitz* v. *Faversham,* 205 N. Y. 197; *Roe* v. *Vingut,* 117 id. 204.) By regarding the shares payable to Simon R. Weil as free from forfeiture, this invalidity will be avoided. (*Herzog* v. *Title Guarantee & Trust Co.,* 177 N. Y. 86.)

Since the marriage of Simon R. Weil took place after the death of the widow, there was no forfeiture of any of his interest in the estate. The claim is, therefore, dismissed.

Submit decree accordingly.