S. Samuel Di Falco, S.
This is a proceeding to determine the validity and effect of a notice of election filed by the surviving spouse of the testator. The executor has rejected the notice. The testator bequeathed to his widow his household and personal effects, a cash legacy of $5,000 and the income for. life of a trust of 55% of his residuary estate, with power to appoint the remainder. He also constituted her the secondary life tenant of the balance of the trust of 45% of the residuary estate.
The testator died possessed of certain real estate and interests in real estate. Among the many powers he conferred upon his executor and trustee was the power “ to make an outlay out of principal or income, as my Executor and Trustee may consider proper for improvements, renovations, remodeling, repairs, taxes, premiums on insurance policies, or otherwise, for the benefit of, or in respect to, my real or personal estate ’ ’.
The widow’s assertion of her right of election is based upon her claim that under the powers above quoted, the income of her trust may be reduced or depreciated by the acts of the executor, to such an extent that the statutory requirements for her benefit would not be met and that the provisions for her under the will are therefore inadequate and illusory. She contends that the executor-trustee under this provision has the power to make any outlays out of the income of the properties constituting her trust for the purpose of making capital improvements, such as the erection of a new building upon the vacant land in the trust, or the improvement of present buildings. Of course, if such interpretation were to be given to this clause in the will not only would it decrease the widow’s income; it would do more, it would result in the violation of our statutes against the unlawful accumulation of income (Personal Property Law, § 16; Real Property Law,- § 61). The purposes for which expenditures of principal or income were authorized to be made under the will include some which would constitute, under well-settled principles of law and accounting, principal charges, and others, income charges. When the testator used the words “ any outlay out of principal or income, as my Executor and Trustee may consider proper ”, he must have intended the proper allocation of such outlays to either principal or income, depending upon the nature of the expenditures; that is, capital improvements and expenses to be allocated to principal and income charges to income. The testator must be presumed to have intended a valid and not an invalid disposition of income. As stated in Seitz v. Faversham (205 N. Y. 197, 202, mod. 141 App. Div. 903): “ When either of two constructions is possible, one of which would be valid and the other invalid, the former *698 would be preferred because it is presumed to accord with the actual intention. (Roe v. Vingut, 117 N. Y. 204; Trask v. Sturges, 170 N. Y. 482; Jacoby v. Jacoby, 188 N. Y. 124; Hopkins v. Kent, 145 N. Y. 363.) ” If, however, at any time in the administration of the trusts, the executor and trustee were not to make proper allocations of the authorized expenditures, resort could be had to this court for review and determination of the propriety of his acts (Matter of Shupack, 1 N Y 2d 482).
The court holds that the provisions made by the testator for the benefit of his widow were more than the specified minimum share as in intestacy, prescribed by the statuté (Decedent Estate Law, § 18) and he therefore fully complied with it (Matter of Shupack, supra; Matter of Clark, 275 N. Y. 1).
Submit decree on notice accordingly.