## JARVIS *vs.* BABCOCK.

Trusts, in a deed of real estate, by which it is provided that the grantors, while of sufficient capacity, and afterwards their families, shall remain in possession, and continue in the perception and occupation of the rents and profits, are void under the provisions of the revised statutes respecting uses and trusts, if the trustees are not authorized to receive the rents and profits; notwithstanding they are required to take care that the rents and profits shall be properly applied.

To render a trust as to the rents and profits of real estate valid, it is not only necessary that the trustee should be authorized to receive the rents and profits, but that he should be also empowered to apply the same.

A trust, in a deed of real estate, declaring that upon the death of J. the trustees shall hold the premises granted, for the use of the wife and children of J. living at the time of his death, and to the issue of such as shall then be dead, in the manner, upon the terms, and subject to the charges mentioned, declared, and appointed in and by the last will and testament of J., but not authorizing the trustees to take possession or to receive the rents and profits, nor imposing any active duty on the trustees, is a mere formal trust; and no estate, legal or equitable, is vested in the trustees, under such deed.

Nor will any estate pass, under such a trust, to the persons for whose use the property is directed to be held; the deed being void, as to them, for uncertainty.

A trust in a deed, providing that upon the death of J. C. the trustees shall hold

one half of the premises granted, to and for the use of W., his heirs and assigns forever, and the other half to and for the use of F., H. and C., their heirs and assigns forever, subject to certain charges; and declaring that in case the persons named, or any of them, should be dead before and at the death of the grantor, then such lapsed share or portion should go to the lawful issue, then living, of such deceased person, and if there was no such issue, then such share or portion to go to the right heirs of the grantor, is void for uncertainty.

IN EQUITY. The bill in this cause was filed for the purpose of compelling the specific performance by the defendant of a contract for the purchase of a piece of land belonging to the plaintiff, situate in the town of Bethlehem, Albany county. Another object of the suit was to have a certain instrument purporting to be a deed of trust, made and executed by the plaintiff and his brother Thomas B. Jarvis, to David Burhans and Solomon Bailey, as trustees, decreed to be void, invalid, and of no effect. The bill alleged that on the 30th of November, 1830, Thomas Jarvis, the father of the plaintiff, died intestate, seised of the land in question, leaving him surviving his widow, who was entitled to dower therein, and which was afterwards set off to her. That he also left the plaintiff and Thomas B. Jarvis his only heirs; and that the widow has since died. That on the 21st of December, 1830, the plaintiff was married, and his wife is still living. That on that day the plaintiff and his brother Thomas B. Jarvis made and executed jointly, a trust deed of all their lands, tenements, real estate and chattels real, subject to the widow's right of dower, to Solomon Bailey and David Burhans as trustees, upon the following uses and trusts: "*First*, to permit and allow each of the said parties of the first part during their lives respectively, (provided their capacity or that of either of them shall render it advisable,) to retain the use, possession and enjoyment, and to continue in the perception and occupation of the rents, issues and profits of the estate of such of the parties of the first part as shall so continue capable to manage, govern and control the same for the use of such party and his family and for their maintenance and support, but *Secondly*, if either of said parties of the first part shall at any time or times hereafter become incapable to manage, govern and control his said estate during

his lifetime, then the said parties of the second part shall permit the family of such party to retain possession of the said estate, and the said trustees (the parties of the second part,) shall take care that the rents, issues and profits thereof shall be properly applied, as well for the education of his children as for the support of himself and family during such incapacity ; and if either of said trusees shall arbitrarily, improperly, or indiscreetly exercise his trust created by these presents or any part thereof, then full power and jurisdiction is reserved to the chancellor of the state of New-York, either to remove such trustee or to regulate and reform his conduct in the premises.   *Thirdly.*  Upon the death of said Thomas B. Jarvis then the said trustees shall hold the premises belonging to him and hereby granted, with the appurtenances, to and for the use of the wife and for the children of the said Thomas B. Jarvis, lawfully begotten by him and living at the time of his death, and to the issue of such as shall be then dead, in the manner, upon the terms, and subject to the charges mentioned, declared and appointed in and by the last will and testament of the said Thomas B. Jarvis, dated the eleventh day of December instant, and none other or different, and as if the whole of such will was herein inserted.   *Fourthly.*  Upon the death of the said John C. Jarvis then the said trustees shall hold the premises belonging to him and hereby granted, to and for the uses following, for the use of William Henry Jarvis, (a son of Thomas B. Jarvis,) his heirs and assigns forever, and the other half to and for the use of Ann Farley, Mary How, and Sarah Clark, (daughters of the said Thomas B. Jarvis,) their heirs and assigns forever ; but the whole of the estate of the said John C. Jarvis shall be and is hereby made chargeable with the payment of fifty dollars to Elizabeth Martin, (a step-daughter of the said Thomas B. Jarvis,) and to the further payment of ten dollars to Henry Bailey, son of Solomon Bailey.   And in case the said persons herein before named or any of them shall be dead before and at the death of the said John C. Jarvis, then such lapsed share or portion shall go to the lawful issue then living of such deceased person ; and if he or she have no

Jarvis *v.* Babcock.

such lawful issue, then such share or portion shall go to the right heirs of the said Thomas B. Jarvis, their heirs and assigns forever." The bill alleged that this instrument was executed without any consideration, although it purported to be in consideration of one dollar. That it was made since the revised statutes took effect; that its provisions and trusts were contrary to those statutes; and that the deed and its provisions were void, illegal, and not binding, and did not convey any interest of the grantors to the trustees or other persons named in such deed. That the lands of which the plaintiff's father died seised were divided between the plaintiff and his brother on the 12th of April, 1831, and quit-claim deeds were mutually executed by them, of the portion assigned to each. That at the time of executing the trust deed, the plaintiff resided in the dwelling house of which his father died seised, and was still in the possession and occupation of the lands so set off to him. That Solomon Bailey, one of the trustees, died on the 12th of March, 1839 ; and that on the 12th of October, 1844, David Burhans, the surviving trustee, executed to the plaintiff and Thomas B. Jarvis a release of the lands in the deed of trust mentioned. That on the 2d of August, 1847, the plaintiff and the defendant entered into a written agreement for the sale and purchase of a piece of the land described in the quit-claim deed from Thomas B. Jarvis and wife to the plaintiff; by which agreement the plaintiff agreed to sell and convey the same to the defendant and the latter to purchase the same, and to pay therefor the sum of $125 on the 4th day of November, thereafter. That on the 3d day of November, 1847, the plaintiff was ready and willing to deliver a deed to the defendant pursuant to the agreement; but that the defendant on that day served on the plaintiff a written notice, by which he declined to accept the deed, and pay the money. The bill claimed and insisted that the trust deed was illegal and void, and did not divest the plaintiff of any of his right to the land therein mentioned, it being contrary to the revised statutes ; that the title to the land remained in the plaintiff, the same as though the trust deed had not been executed ; and that the defendant was bound to

fulfil the contract for the purchase of the land. The defendant, by his answer, admitted that the trust deed was executed since the revised statutes took effect, but denied that the provisions and trusts in such deed were contrary to the provisions of the revised statutes relative to trusts, and insisted that the trusts of such deed were valid, legal and binding, and conveyed some interest or title of the grantors, to the trustees and other persons named therein. The defendant also admitted the execution of the release from Burhans, the surviving trustee, to the plaintiff, but insisted that the same did not cancel the trust deed, or restore the grantors in such deed to their original rights; and that the plaintiff was not able to give a good title to the premises agreed to be conveyed to the defendant; the defendant avowing his willingness, however, to accept a deed from the plaintiff, and pay him the purchase money, if a good title could be shown.

A replication was filed, and the cause was heard upon pleadings and proofs.

*R. W. Peckham*, for the plaintiff.

*T. W. Gibb*, for the defendant.

HARVARD LAW SCHOOL LIBRARY

*By the Court*, PARKER, J. The defendant seeks to be protected against a decree for a specific performance of his contract, on the ground that the plaintiff has not a valid title to the premises contracted to be sold to him. Whether this defence is available, depends entirely on the legal effect of the trust deed, executed on the 21st of December, 1830, by the plaintiff and Thomas B. Jarvis, to David Burhans and Solomon Bailey. If that deed was wholly void, so that no title passed under it, or any part of it, then the plaintiff remained the owner of the land, and has it in his power to convey a good title to the defendant.

By the revised statutes, (2 *R. S.* 3*d ed.* 13, § 45,) uses and trusts, except as authorized and modified in that article, are abolished, and we must therefore look to the other provisions of the article, to see what trusts in regard to real estate are

permitted. These are found in the 55th section, which is as follows :

" Express trusts may be created for any or either of the following purposes : 1. To sell lands for the benefit of creditors. 2. To sell, mortgage, or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon. 3. To receive the rents and profits of lands and apply them to the use of any person during the life of such person, or for any shorter term, subject to the rules prescribed in the first article of this title. 4. To receive the rents and profits of lands and to accumulate the same, for the purposes and within the limits prescribed in the first article of this title." It is claimed that the first and secondly declared trusts can be sustained under the 3d subdivision of this section. But that subdivision only authorizes a trust to receive rents and apply them to the use of a person. Whereas the trusts attempted to be created provided that the grantors, while of sufficient capacity, and afterwards their families, should remain in possession and continue in the enjoyment of the rents and profits. The trustees are indeed required " to take care that the rents and profits shall be properly applied," but they are nowhere authorized to receive the rents and profits. It is not only necessary that the trustee should receive the rents and profits, but he is also required to make the application. (*Hawley* v. *James,* 16 *Wend.* 64, *note.*) The doctrine of trusts, as established by the revised statutes, has been very fully examined by our courts, and is now regarded as well established. (*La Grange* v. *L'Amoureux,* 1 *Barb. Ch. Rep.* 18. *Boynton* v. *Hoyt,* 1 *Denio,* 53; *Gott* v. *Cook,* 7 *Paige,* 521. *Coster* v. *Lorillard,* 14 *Wend.* 265.) I think it is clear that the first two trusts declared by the deed are in contravention of the statute, and therefore void.

By the trust thirdly declared the trustees were, upon the death of Thomas B. Jarvis, to hold the premises granted, for the use of the wife and children of said Thomas, lawfully begotten by him and living at the time of his death, and to the issue of such as shall be then dead, in the manner, upon the terms, and subject to the charges mentioned, declared, and ap-

Jarvis *v.* Babcock.

pointed in and by the last will and testament of the said Thomas B. Jarvis, dated the eleventh day of December instant, and none other and different, and as if the whole of such will was herein inserted." This will was still inoperative, the testator being yet living; but perhaps it might legally be referred to as a mere memorandum containing certain directions adopted in the trust deed. It has not, however, been shown, on either side, what were its contents or provisions. This third trust does not authorize the trustees to take possession or to receive the rents and profits; nor does it impose any active duty upon the trustees. It is not a power in trust, for they are not authorized to do any act. It is a mere formal trust, and by the last clause of the 47th section, no estate, legal or equitable, vested in the trustees.

It is necessary, next, to consider whether, under this trust, any estate was conveyed to the persons for whose use the property was directed to be held.

By section 47 every person who shall be entitled to the actual possession of lands and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest. If the persons for whose use that trust was declared took any estate under the grant it must have been by this section. But without stopping to inquire whether the 47th section is applicable to a future and contingent trust of this description, or whether any estate could pass under the third trust, after the intermediate estate had failed, there are other legal objections which seem to me insurmountable.

If it is the meaning of this trust that the trustees were to hold for the use of the wife during her life, and afterwards for the children of Thomas, &c. then the conveyance is void, on the ground that the absolute power of alienation cannot be suspended by any condition or limitation whatever, beyond the continuance of more than two lives in being at the creation of the estate. (*Sections* 14, 15.) The attempt to suspend the power of alienation beyond the lives of Thomas and his wife,

would be a clear violation of the statute. But the contents of the will are not shown, and perhaps the language of the trust will bear a different construction from that above given. There is, however, another difficulty in giving validity to this part of the deed as a conveyance. It is indefinite and void for uncertainty. I have shown that no estate passed to the trustee. If any was conveyed by the grantors, it vested in the *cestuis que trust,* under the 47th section. In looking at that question, therefore, they are to be regarded as the parties to the conveyance. The grantees must be plainly described, capable of contracting and competent to take the estate. (8 *John. Rep.* 387. 2 *John. Cas.* 324. *Shep. Touch.* 236. *Co. Litt.* 3 *a. Bunn* v. *Hinchman,* 9 *John. Rep.* 73. 4 *Kent's Com.* 462. 2 *Black. Com.* 296. *Co. Litt.* 35.) The grant was as much void for uncertainty as if it had been to the church wardens of a parish, or to the inhabitants of Dale, or to the commoners of such a waste. The estate attempted to be conveyed was contingent, as well as uncertain. Who should be parties to the deed, and what interest each should take, depended, among other things, on the number of children or grandchildren who should be living at the time of the death of Thomas. A reservation to persons incompetent to take, even in a deed to a third person, is void. (*Bunn* v. *Hinchman,* 9 *John.* 74. *Salter* v. *Kiogly, Carth.* 76. *Whitlock's case,* 8 *Co.* 69.)

This last objection, that the deed was void for uncertainty, is equally applicable to the fourth trust. No certain and defined interest is described in it. The quantity of interest is contingent, depending on the question who, of the persons described, should be living at the death of John C. Jarvis; and till that event happened it could not be ascertained who were the parties to the deed. It seems to me clear that no estate passed either to the trustees or to the *cestuis que. trust.*

On the whole I think the trust deed entirely void, and that the title remained in the grantors. It follows that the plaintiff is able to give a good title to the premises contracted to be sold, and is entitled to a decree for a specific performance of the agreement.