ENNIS v. BROWN et al.

(Supreme Court, Appellate Division, Second Department. January 14, 1896.)

1. DEED—DESCRIPTION OF GRANTEES—SURPLUSAGE.
   A deed to a person "and associates" vests the entire title in the person named, in the absence of anything to show that there existed at any time any associates of his in the title, that he was connected with any person or persons therein, that there was any limitation of his power to convey, or any purpose for inserting or referring to associates.

2. SAME—POWER OF GRANTEE TO CONVEY.
   Where a deed is to a person "and associates" such person can convey a good title, even though he holds for himself, and as trustee for others.

3. SAME—CAPACITY OF GRANTEE.
   On a motion to be relieved from a purchase at a judicial sale it appeared that a deed in the chain of title was to K. in trust for a certain association; that the date of the deed and acknowledgment was prior to such association's incorporation; that the certificate of the county clerk that the officer who took the acknowledgment was competent to take it was made after such incorporation; that the certificate of incorporation was acknowledged before such purchaser as a notary; that the certificate of the county clerk that he was such notary was made on the same day as the certificate on the deed; that both the deed and certificate were recorded the following day; and that such association immediately took possession, and it and its grantees had continued to occupy since. *Held*, that the facts showed that such deed took effect at a time when the association was competent to take, and vested it with legal title, in the absence of any proof of delivery of the deed on the day of its date.

Appeal from special term.

Action by Thomas Ennis against Arthur Brown and others for an accounting. A decree was entered settling the accounts of defendants, and directing a sale of property affected by it. At such sale plaintiff bid in the property. From an order denying his motion to be relieved from the purchase on his bid, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, and HATCH, JJ.

John F. Foley, for appellant.
Sidney V. Lowell, for respondents.

HATCH, J. The action was brought for an accounting, and resulted in a decree settling the accounts of defendants, and directing a sale of the premises affected by this order. On the sale plaintiff bid

in the property, and now seeks to be relieved therefrom.    The chain of title shows a deed bearing date July 17, 1867, running from one Eldert and wife, as grantors, to Henry Eckert and associates.    Under date of January 21, 1871, Eckert and wife conveyed the premises to Martin Kalbfleisch, in trust for the Oceanus Association.    The first claim is that Eckert did not take a fee of the premises, as the deed was to himself and associates, and therefore he could not convey the fee.    The deed to Eckert is absolute, vesting a fee; and nothing appears to show that there existed at any time any associates of his in the title, or that he was connected with any person or persons therein; nor does there appear in the deed or otherwise any limitation upon his power to convey, or any disclosure of the purpose for inserting or referring to associates.    It was said in Jarvis v. Babcock, 5 Barb. 146:  "The grantees must be plainly described, capable of contracting, and competent to take the estate."    The term "associates" used in the deed in no sense answers this requirement.    It may therefore be disregarded as surplusage, or rejected for uncertainty.    Towar v. Hale, 46 Barb. 361;  Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co., 134 N. Y. 435, 31 N. E. 874.

If Eckert held for himself and as trustee for others, the rule would not be different;  he would still possess authority to convey a good title.    King v. Townshend, 141 N. Y. 358, 36 N. E. 513.

The restrictive stipulation contained in the deed that the premises should not be used for a tavern cannot affect the title.    It was a mere personal agreement, and did not create a covenant running with the land.    The deed from Eckert and wife to Kalbfleisch, as trustee for the association, by force of the statute of uses and trusts vested the legal title in the beneficiaries.    Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4.    The claim that there was no beneficiary capable of taking title cannot be sustained upon the facts.    It is true that the date of the deed and acknowledgment was prior to the certificate of incorporation.    But there is no proof that the deed was delivered on that date, and the presumption of delivery is sufficiently overcome by what followed.    The certificate of the county clerk that the officer who took the acknowledgment was competent to take it was not made until the 18th day of May, 1871.    The certificate of incorporation bears date March 6, 1871, and was acknowledged before plaintiff as a notary on that day.    The certificate of the county clerk that he was such notary was made upon the same day as the certificate upon the deed, and this was followed by record of both instruments on the next day.    The association immediately entered into possession of the premises, and it and its grantors have been in continual occupancy since.    These acts, and the occupancy thereunder, we think sufficient to show that the deed took effect at a time when the association was competent to take, and vested it with legal title.    O'Connor v. Huggins, 113 N. Y. 511, 21 N. E. 184;  Shriver v. Shriver, 86 N. Y. 575.    No reasonable doubt attends upon this title.    The same is good and marketable.

We conclude, therefore, that the order appealed from should be affirmed, with costs and disbursements.    All concur.