THOMAS ENNIS, Appellant, *v.* ARTHUR BROWN and Others, Respondents.

*Deed — to a person and his "associates"— effect thereof — one holding as trustee for himself and others may convey — covenant not running with the land — presumption that a deed did not take effect until an association was incorporated.*

A deed to a person and his "associates," where there is nothing to show that he had any associates at the time of the conveyance, and where there is no limitation contained in the deed affecting his powers to convey, is to be regarded as passing to such person an absolute fee.

The term "associates" may be disregarded as superfluous or may be rejected for uncertainty.

Where a person holds real estate for himself and as a trustee for others, he may still convey a good title.

A provision in a deed, that the grantee will not use the premises for an inn or hotel, is a personal agreement and does not create a covenant which runs with the land.

By virtue of the Statute of Uses and Trusts (1 R. S. 727, § 47), a deed to a person on a mere naked trust for another, vests the legal title in the beneficiary.

Upon an application by a purchaser of real estate to be relieved from his purchase thereof, it appeared that one of the deeds in the chain of title ran to Martin Kalbfleisch in trust for the Oceanus Association, and that the deed was dated January 21, 1871, before the date (March 6, 1871) of the certificate of incorporation of such association. It appeared, however, that the county clerk's certificate as to the signature of the officer who took the acknowledgment of the deed was not made until May 18, 1871, on which day the county clerk also certified that the person who took the acknowledgment of the certificate of incorporation was a notary; that on the following day both the certificate of incorporation and the deed were recorded; that the Oceanus Association immediately entered upon the premises, and with its grantees had been in continual occupancy thereof ever since.

*Held,* that these facts sufficiently showed that the deed took effect at a time when the association was competent to take the title.

APPEAL by the plaintiff, Thomas Ennis, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 26th day of July, 1895, denying the plaintiff's motion to be released from the purchase by him of property sold in this action.

The objections made by the purchaser to the title were: *First.* That the deed of the premises made by Garret V. W. Eldert and Matilda, his wife, on July 17, 1867, and recorded July 25, 1867, in Liber 259 of Conveyances, page 365, in the clerk's office of the county of Queens, is made to "Henry Eckert and his associates."

That who his associates were was unknown to the purchaser, and it was claimed that by said deed the fee simple of said premises did not pass to Henry Eckert so as to enable him to convey said premises by the following conveyance. That his said associates were unknown, unnamed and undeterminable, and that if he took any title whatever, the only title he could have taken by said deed was as tenant in common with such unknown and unnamed persons, and that no title was thus created on him on which he could base a conveyance in fee of the whole of said premises.

*Second.* That the said Henry Eckert and Ann Rebecca, his wife, by deed dated January 1, 1871, and recorded May 19, 1871, in Liber 374 of Conveyances, page 355, conveyed to Martin Kalbfleisch, "taking and holding in trust for the Oceanus Association."

1. Objection was made to this deed based upon the prior objection that said Henry Eckert could not convey more than he had taken by the former deed, and that the greatest interest he could convey

by this deed was his interest as tenant in common, if at all, received by him under the former deed.

2. That at the time of the making of this second deed, the said Oceanus Association was not in existence and was not incorporated, and did not come into existence until the 19th day of May, 1871; that by such conveyance to Martin Kalbfleisch in trust the said Oceanus Association, not being in existence, did not take, and that there was no conveyance either on record, or otherwise, from the said Martin Kalbfleisch, as trustee, or individually, to the said Oceanus Association, upon which the Oceanus Association could predicate a title.

3. That by the sale under execution of the land in question by the sheriff of the county of Queens, under a judgment obtained by Harford B. Kirk *et al.* against the said Oceanus Association, made on the 4th day of April, 1878, to the said Arthur Brown under the trust alleged in the complaint herein, no property passed, for the reason that the said Oceanus Association was not then seized of the property in question.

4. That the deed from Eldert to Eckert and that from Eckert to Kalbfleisch above named, contains a covenant or condition as follows: " It being hereby stipulated and agreed by and between the parties hereunto that the said parties of the second part shall not, either directly or indirectly, use or occupy the hereinbefore described premises * * * for the purposes of an inn or hotel," and that by reason of this covenant, even if the deeds aforesaid were valid, the said title is not marketable.

*John F. Foley*, for the appellant.

*Sidney V. Lowell*, for the respondents.

HATCH, J.:

The action was brought for an accounting and resulted in a decree settling the accounts of the defendant Brown and directing a sale of the premises affected by this order.    On the sale plaintiff bid in the property and now seeks to be relieved therefrom.    The chain of title shows a deed bearing date July 17, 1867, running from one Eldert and wife as grantors to Henry Eckert and "associates."    Under date of January 21, 1871, Eckert and wife conveyed the premises

to Martin Kalbfleisch in trust for the Oceanus Association. The first claim is that Eckert did not take a fee of the premises, as the deed was to himself and "associates," and, therefore, he could not convey the fee. The deed to Eckert is absolute, vesting a fee, and nothing appears to show that there existed at any time any "associates" of his in the title, or that he was connected with any person or persons therein, nor does there appear in the deed or otherwise any limitation upon his power to convey or any disclosure of the purpose for inserting or referring to "associates." It was said in *Jarvis* v. *Babbock* (5 Barb. 146) : "The grantees must be plainly described, capable of contracting and competent to take the estate." The term "associates," used in the deed under consideration, in no sense answers this requirement ; it may, therefore, be disregarded as surplusage or rejected for uncertainty. (*Towar* v. *Hale*, 46 Barb. 361 ; *Greenwood Lake & Port Jervis R. R. Co.* v. *N. Y. & G. L. R. R. Co.*, 134 N. Y. 435.)

If Eckert held for himself and as trustee for others, the rule would not be different; he would still possess authority to convey a good title. (*King* v. *Townshend*, 141 N. Y. 358.)

The restrictive stipulation contained in the deed of Eldert and his wife to Eckert, that the premises should not be used by Eckert for a tavern, cannot affect the title; it was a mere personal agreement and did not create a covenant running with the land.

The deed from Eckert and wife to Kalbfleisch as trustee for the association, by force of the Statute of Uses and Trusts (1 R. S. 727, § 47), vested the legal title in the beneficiaries. (*Hopkins* v. *Kent*, 145 N. Y. 363.)

The claim that there was no beneficiary capable of taking title cannot be sustained upon the facts. It is true that the date of the deed and acknowledgment was prior to the certificate of incorporation. But there is no proof that the deed was delivered on that date, and the presumption of delivery is sufficiently overcome by what followed. The certificate of the county clerk, that the officer who took the acknowledgment was competent to take it, was not made until the 18th day of May, 1871. The certificate of incorporation bears date March 6, 1871, and was acknowledged before plaintiff as a notary on that day. The certificate of the county

clerk that he was such notary was made upon the same day as the certificate upon the deed, and this was followed by record of both instruments on the next day.   The association immediately entered into possession of the premises, and it and its grantees have been in continual occupancy ever since.   These acts and the occupancy there-under we think sufficient to show that the deed took effect at a time when the association was competent to take and vested it with legal title.   (*O' Connor* v. *Huggins*, 113 N. Y. 511 ; *Shriver* v. *Shriver*, 86 id. 575.)

No reasonable doubt attends upon this title ; the same is good and marketable.

We conclude, therefore, that the order appealed from should be affirmed, with costs and disbursements.

All concurred, except BARTLETT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.