BOYD et al., Respondents, *v.* HUFFINE et al., Appellants.

(No. 3,031.)

(Submitted November 24, 1911.  Decided December 11, 1911.)

[120 Pac. 228.]

*Water Rights—Rights of Prior and Junior Appropriators—Equity—Findings—Conclusiveness.*

Equity—Findings—Conclusiveness.
    1.  Unless the evidence in equity cases discloses a decided preponderance against the findings of the trial court, they will be accepted as conclusive by the supreme court.
Water Rights—Rights of Prior and Junior Appropriators.
    2.  A prior appropriator of water from a certain stream for agricultural purposes may not be compelled to forego the use thus made of it, merely because he also owns a right on another stream, by the enlargement of the use of which (to the possible detriment of rights of junior appropriators), one subsequent to him in point of time on the first stream would be enabled to use the water thus released.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

Action by Gertrude Boyd and another, against Roger Huffine and others to have determined the respective rights of the parties to the use of certain waters.  From the decree and an order

denying their motion for a new trial the defendants other than Huffine have appealed.     Affirmed.

*Mr. George D. Pease,* for Appellants, submitted a brief and argued the cause orally.

For Respondents, *Mr. George Y. Patten* submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to have determined the rights of plaintiffs and defendants to the use of the water flowing in Reynolds creek, in Gallatin county, and to adjust the relative priorities and amounts of their respective appropriations.     The stream has its source in section 16 of township 2 north, of range 5 east, and flows in a southwesterly direction through sections 17, 20 and 19 of this township, and sections 24 and 23 of township 2 north, of range 4 east, and empties into Dry creek which flows down from the north and east through section 23.     The lands of the plaintiffs lie in sections 23 and 24 on both sides of the two streams, above and below their junction.     L. J. Morgan and Roger Huffine, though served with summons, did not appear.     The defendant Ecton appeared and answered, but at the opening of the trial defendant Cox was, by agreement of counsel, substituted in his stead as his successor in interest.     Thus were eliminated from the case all of the defendants except Stiles, Cox, Emmett Huffine and Martin.     The lands of the defendants lie on Reynolds creek above those of plaintiffs, and, except those of Stiles, above the heads of plaintiffs' ditches.     The lands of this defendant adjoin those of plaintiffs on the east.     One of the ditches through which the plaintiffs assert the right to divert and use water has its head near the eastern line of section 24, upon the lands owned by Stiles.     The plaintiffs claim the right to the use of all the water flowing in the stream at the heads of their several ditches, amounting to fifty inches, basing their claim upon an appropriation by a predecessor, which is alleged

to have been made in May, 1867, and aver that defendants have been wrongfully and unlawfully diverting it away from their ditches, to their irreparable injury. Defendants deny the right of plaintiffs to the use of any of the water in excess of four inches, and allege that each has a superior right to all the water in the stream in excess of this amount, based upon appropriations either by themselves or their predecessors in interest, as follows: Defendant Cox, of twenty inches, made on June 1, 1892; defendant Martin, of twenty inches, made on June 1, 1888; defendant Stiles, thirty inches, made in April, 1881; and defendant Huffine, of twenty inches, made on May 1, 1893. Each of the defendants also claims to have established his right by adverse use. They all admit that they have been diverting the water as alleged by the plaintiffs, but allege that they have done so by virtue of their superior rights.

The court tried the case without a jury. It found that the plaintiffs are entitled to the use of thirty inches, through an appropriation made by Alonzo Reynolds, the father of plaintiff Boyd, during the month of June, 1870; that defendant Cox is entitled to eighteen inches as of June, 1891; Martin to ten inches as of June, 1884; Stiles to eighteen inches as of October, 1883; and Huffine to ten inches as of June 1, 1893. A decree was entered adjudging the rights and priorities of the plaintiffs and defendants, respectively, in accordance with these findings. The defendants other than Huffine have appealed from the decree and an order denying their motion for a new trial. The only contention made is, that the findings are not justified by the evidence.

It will be observed that the Cox appropriation is found to have been made in June, 1891, whereas it is alleged in the answer to have been made a year later. No complaint is made of this apparent discrepancy. It will therefore be passed without further notice. The evidence found in the record covers nearly 400 printed pages. It will be impossible to set it forth and analyze it, even in a general way, without extending this opinion beyond any reasonable limits. The issues presented by it are as to when the appropriation through which the plaintiffs claim

was made; what the amount of it was; what amount of water flowed down the stream to the heads of plaintiffs' ditches at the time the appropriation was made; whether the lands owned by the plaintiffs require irrigation; whether, when their appropriation was made, the volume of water flowing in the stream was less than at the present time; whether the amount claimed by them is greater than their necessities require, though it be conceded that their lands require irrigation; and finally whether plaintiffs have not a sufficient available supply from Dry creek to meet all their necessities. Upon all of these points the evidence was in irreconcilable conflict. The evidence introduced to sustain the plaintiffs' right, though not entirely satisfactory in some particulars, tends to show that in 1866, when Alonzo Reynolds made a settlement on the lands now owned by plaintiffs, the volume of water flowing in the stream was substantially the same as at the present time, the actual measurement of it, taken on March 24, 1909, at or near the heads of plaintiffs' ditches, for the purpose of this action, being thirty-nine inches. It also tends to show that when Reynolds constructed the first ditch he diverted all the water and used it to irrigate lands in sections 23 and 24, upon which were growing crops, and that, barring certain years when it was diverted by those who were above him on the stream, and certain other years during which his crops were of such a character as not to require artificial irrigation, he, his tenants and the plaintiffs, his successors, had used it down to the time the action was brought.

Defendants' two main contentions are: that the award of thirty inches to the plaintiffs is too large in view of the area of land upon which it must be used, and that the evidence shows, without substantial contradiction, that they have another supply by means of a ditch taken from Dry creek, to the north and east, which is or can be made available for use upon the same lands. There is substantial evidence tending to show that a volume of less than thirty inches would not furnish head enough to make the use effective for any purpose, and that the nature of the ground to the north is such that it would be impracticable for plaintiffs to maintain a ditch to convey water from Dry

creek to the place of use. Indeed the evidence tends to show that the first ditch taken out of Reynolds creek in 1870 was constructed because of the difficult character of the ground through which a ditch from Dry creek, theretofore used, had been constructed, and that after the Reynolds creek water was made available, the latter ditch was abandoned entirely. There is also evidence tending to show that all the water which plaintiffs are entitled to use out of Dry creek is required to irrigate other lands along that stream, upon which the Reynolds creek water cannot be used, and that its use for this purpose is necessary. In view of the evidence showing the purposes for which the respective defendants had been using water and the extent of their use, the award to each of them is not unreasonably small; nor are the findings as to the dates assigned to their respective appropriations without substantial support.

While, on the whole, it may be said that the trial court might have reached a different conclusion, it cannot be said that the [1] evidence shows a decided preponderance against any finding. Under these circumstances this court must accept them as conclusive. (*Bordeaux* v. *Bordeaux*, 32 Mont. 159, 80 Pac. 6; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918; *Pope* v. *Alexander*, 36 Mont. 90, 92 Pac. 203, 565.) Even if it be conceded that the plaintiffs might use the Dry creek right and forbear the use of the water in Reynolds creek altogether, it does not follow that, having made the first appropriation out of Reynolds [2] creek and having use for it, they may be compelled to forego the use of the right thus acquired, merely because the defendants desire them to do so or have use for it themselves. Having acquired the right through the Reynolds appropriation, plaintiffs are entitled to make a reasonable use of it for the purposes for which it was made, notwithstanding the fact that the defendants have necessity for it. If the plaintiffs were required to resort exclusively to their Dry creek right, they would be compelled either to enlarge its use and thus, perhaps, infringe upon the rights of junior appropriators from this stream, or to restrict the use in order to avoid such infringement. (*Norman* v. *Corbley*, 32 Mont. 195, 79 Pac. 1059.)

No claim is now made by either defendant that he has acquired a right as against plaintiffs by adverse use. This claim seems to have been abandoned at the trial.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.