THE HON. WILLIAM L. HOLLOWAY,
}
THE HON. SYDNEY SANNER, } Associate Justices.

---

WRIGHT, RESPONDENT, v. BROOKS ET AL., APPELLANTS.

(No. 3,215.)

(Submitted February 13, 1913. Decided March 4, 1913.)

[130 Pac. 968.]

*Real Property—Oral Contracts of Sale—Specific Performance—Possession by Vendee—Laches—Statutes of Limitation—Payment of Taxes by Defendant—Partnership—Power of Partner to Convey Land—Complaint—Misjoinder of Causes of Action.*

Specific Performance—Real Property—Oral Contract of Sale—Complaint—Misjoinder of Causes of Action—Adverse Possession.
  1. Complaint in a suit to enforce specific performance of a contract of sale of real property, examined, and *held* not to disclose an alleged misjoinder, in that a cause of action based upon adverse possession for more than ten years was improperly joined with one for specific performance; the allegations therein germane to a claim of title by prescription having been pertinent to and not inharmonious with the prayer for specific performance, and the pleading as a whole inconsistent with a claim of legal title.

Same—Possession Under Contract of Sale—Nature of Holding.
  2. One possessing land under a contract of sale holds, not adversely, but in subordination to, the legal title.

(99)

Same—Laches—Presumptions.

3. While laches may arise from an unexplained delay short of the period fixed by the statute of limitation, it will not be presumed from such delay alone.

Same—Possession and Improvements by Vendee—Effect on Holder of Legal Title.

4. Specific performance of an oral contract for the sale of real estate may be decreed where possession thereunder, taken by the vendee with the vendor's knowledge or consent, is followed by improvement of the property, even though no part of the purchase price has been paid; in such a case, where the vendee has made repeated efforts, and stands ready, able and willing to pay, the vendor holds the legal title in trust for the vendee.

Same—Statute of Limitation Commences to Run, When.

5. The statute of limitation in a case such as that mentioned in paragraph 4, *supra*, does not commence to run until the vendor has in some manner disavowed his trust.

Same—Laches—Statute of Limitation—General Demurrer.

6. The complaint in a suit for specific performance brought over thirteen years after the making of an oral agreement to sell real property, which, while alleging that defendant had been requested to convey but had refused to do so, did not state when such demand was refused, *held*, not vulnerable to a general demurrer upon the alleged ground that the pleading disclosed upon its face that the suit was barred by the statute of limitation.

Same—Laches not Alone Sufficient to Defeat.

7. A vendee in possession of realty is not barred from specific performance by mere delay in bringing suit; he may rest in security until his title or right of possession is attacked.

Equity—Findings—Evidence—Sufficiency—Appeal.

8. Unless the evidence preponderates against findings claimed to be insufficiently supported by it, they will be accepted on appeal as the established facts in the case.

Same—Partnership—One Partner Acting for Copartner—Evidence—Sufficiency.

9. Evidence *held* sufficient to justify a finding that the person who entered into an oral agreement to sell real property to plaintiff, in an action for specific performance, acted for himself as well as in behalf of his copartners.

Same—Partnership—Power of Partner to Convey Land.

10. Under a conveyance of realty to "H. P. Brooks & Bro.," a partnership, H. P. Brooks could rightfully enter into an agreement to sell the property and convey the legal title.

Same—Substantial Improvements—Evidence—Sufficiency.

11. Where the purchase price of two lots orally agreed upon between the parties was $200, evidence that improvements valued at from six to seven hundred dollars had been placed thereon was a sufficient showing of substantial and permanent improvement to authorize specific performance.

Same—Payment of Taxes by Defendant—Effect.

12. Defendant, in a suit for the specific performance of a contract of sale of realty, who was found to have been at fault for delay in performance, was not entitled to prevail because of the fact that he had paid the taxes and other charges upon the property during plaintiff's occupancy, nor to reimbursement as a condition precedent to the relief granted plaintiff; the court having decreed, however, that the

latter pay interest on the purchase price for the entire period since the date of the agreement, defendant was not in a position to complain.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Frank E. Wright against John Brooks and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Mr. Wm. M. Blackford,* and *Mr. John A. Coleman,* for Appellants, submitted a brief; *Mr. Blackford* argued the cause orally.

Respondent's case resolves itself into this proposition: He demands a decree against appellant John Brooks for a conveyance of the entire interest in the lots, without having any agreement whatever with said appellant for a sale or conveyance of his undivided half interest, and without any ratification of such sale. There is no proof of any obligation binding either Anthony or appellant John Brooks to convey to respondent. The agreement is wanting in mutuality and not enforceable against appellant. (*Snyder* v. *Neefus,* 53 Barb. 63; *Dickinson* v. *Wright,* 56 Mich. 42, 22 N. W. 312; *Bronson* v. *Cahill,* 4 McLean (U. S.), 19, Fed. Cas. No. 1926.) Specific performance will not be decreed in favor of a purchaser against one part owner of real property sold by another, where the sale was not ratified by such part owner, or the purchaser had notice that the seller did not at the time own the whole property. (*Cochran* v. *Blout,* 161 U. S. 350, 40 L. Ed. 729, 16 Sup. Ct. Rep. 454.) The agreement could not have been enforced by respondent against Henry P. Brooks himself. "Equity will not decree the conveyance of property to which the defendant has no title, or decree the conveyance of a different title from that which a party is able to convey." (26 Am. & Eng. Ency. of Law, 2d ed., p. 40 (b), and authorities cited in note 2; *Bell* v. *Bank of California,* 153 Cal. 234, 94 Pac. 889.) The agreement between respondent and said Henry P. Brooks was void so far as it af-

fected any interest of either of his co-owners, Anthony and John Brooks, in said lots. (Rev. Codes, sec. 5017, subd. 5; *Landt* v. *Schneider,* 31 Mont. 15, 77 Pac. 307; *Cobban* v. *Hecklen,* 27 Mont. 245, 70 Pac. 805; *Detroit P. & N. Ry. Co.* v. *Hartz,* 147 Mich. 354, 110 N. W. 1089; *Jackson* v. *O'Rorke,* 71 Neb. 418, 98 N. W. 1068; *Broom* v. *Pearson,* 98 Tex. 469, 85 S. W. 790, 86 S. W. 733; *Dickinson* v. *Wright,* 56 Mich. 42, 22 N. W. 312; *Snyder* v. *Neefus,* 53 Barb. 63.)

Finding No. 7 is not sustained by the evidence. There is an entire absence of anything whatever in the record showing any ratification in any form by appellant John Brooks or Anthony Brooks of the sale of the two lots, or either of them, to respondent. Any ratification of the oral agreement could be made only in writing. (Rev. Codes, sec. 5425; *Cobban* v. *Hecklen,* 27 Mont. 245, 70 Pac. 805; *Dickinson* v. *Wright,* 56 Mich. 42, 22 N. W. 312; *Snyder* v. *Neefus, supra.*)

"Where the improvements do not exceed the rental value of the premises, they will not be regarded as of such a substantial value and character as to constitute part performance so as to take the case out of the statute." (*Wooldridge* v. *Hancock,* 70 Tex. 18, 6 S. W. 818; *Schoonmaker* v. *Plummer,* 139 Ill. 612, 29 N. E. 1114; *Buhler* v. *Trombly,* 139 Mich. 557, 102 N. W. 647, 108 N. W. 343; *Burns* v. *Daggett,* 141 Mass. 368, 6 N. E. 727; *Poullain* v. *Poullain,* 76 Ga. 420, 4 S. E. 92; *Price* v. *Lloyd,* 31 Utah, 86, 86 Pac. 767, 8 L. R. A., n. s., 870; *Emmel* v. *Hayes,* 102 Mo. 186, 22 Am. St. Rep. 769, 11 L. R. A. 323, 14 S. W. 209.)

The delivery of the possession under a parol contract for the sale of land will not be sufficient of itself to take the case out of the statute of frauds. (*Purcell* v. *Miner,* 71 U. S. 513, 18 L. Ed. 435; *Stewart* v. *Stewart,* 3 Watts, 253; *Ballard* v. *Ward,* 89 Pa. 358; *Baldwin* v. *Baldwin,* 73 Kan. 39, 4 L. R. A., n. s., 957, 84 Pac. 568; *Roberts* v. *Templeton,* 48 Or. 65, 3 L. R. A., n. s., 790, 80 Pac. 481.) The statute of limitations applies to suits in equity as well as actions at law. (*Mantle* v. *Speculator Min. Co.,* 27 Mont. 473, 71 Pac. 665.) An action for specific performance of a contract to convey land may be barred by

the statute. (*Edwards* v. *Beck,* 57 Wash. 80, 106 Pac. 492; *Wilt* v. *Buchtel,* 2 Wash. Ter. 417, 7 Pac. 391; *Cooley* v. *Lobdell,* 153 N. Y. 596, 47 N. E. 793; *Allen* v. *Beal,* 3 A. K. Marsh. (10 Ky.) 554, 13 Am. Dec. 203.) The cases of *Davis* v. *Baugh,* 59 Cal. 568, *Fleishman* v. *Woods,* 135 Cal. 256, 67 Pac. 276, *Scadden Flat Gold Min. Co.* v. *Scadden,* 121 Cal. 33, 53 Pac. 440, *Love* v. *Watkins,* 40 Cal. 547, 6 Am. Rep. 624, imply that the vendee under an executory contract in possession must have paid the purchase price in order to become such equitable owner as will prevent the running of the statute of limitations.

That plaintiff was guilty of laches in bringing his action, see *Wolf* v. *Great Fall etc. Co.,* 15 Mont. 49, 38 Pac. 115; *O'Donnell* v. *Jackson,* 69 Cal. 622, 11 Pac. 251; *Delavan* v. *Duncan,* 49 N. Y. 485. The case of *Weber* v. *Marshall,* 19 Cal. 447, was one involving specific performance of a parol agreement. Judgment ran for specific performance, and upon appeal was reversed upon the ground that the vendee had been guilty of laches. The vendee had taken possession under the contract, and with reference to such possession not affecting the question of laches, the court said: "Nor does possession by the party seeking performance make the rule different." The same doctrine was affirmed in *Calanchini* v. *Branstetter,* 84 Cal. 249, 24 Pac. 149. (See, also, *Fowler* v. *Sutherland,* 68 Cal. 417, 9 Pac. 674; *Harris* v. *Hillegass,* 66 Cal. 79, 4 Pac. 987; *Hopkins* v. *Lewis,* 18 Cal. App. 107, 122 Pac. 433; *Bell* v. *Hudson,* 73 Cal. 285, 2 Am. St. Rep. 791, 14 Pac. 791; *Stevenson* v. *Boyd,* 153 Cal. 630, 96 Pac. 284; *Packard* v. *Booth,* 62 Wash. 333, 113 Pac. 774; *Thornburgh* v. *Cole,* 27 Kan. 490; *Molaskey* v. *Peery,* 76 Cal. 84, 18 Pac. 120.) "Laches in bringing a suit until it has become impossible to hear both parties and to ascertain the facts bars a recovery in equity." (*Ten Broeck* v. *Jackson,* 73 N. J. Eq. 734, 69 Atl. 490.)

The trial court should have sustained the defendants' demurrer to the amended complaint on the ground of the failure to state facts sufficient to constitute a cause of action. The

plaintiff fails to allege the circumstances showing good faith and reasonable diligence on his part. (*Kleinclaus* v. *Dutard,* 147 Cal. 245, 81 Pac. 516; *Hopkins* v. *Lewis, supra; Marsh* v. *Lott,* 156 Cal. 643, 105 Pac. 968.)

*Mr. Rudolf Von Tobel,* for Respondent, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

Inasmuch as the title to the property stood in the name of H. P. Brooks & Brother, H. P. Brooks could give a deed conveying good title. (*Frost* v. *Wolf,* 77 Tex. 455, 19 Am. St. Rep. 761, 14 S. W. 440; *Arthur* v. *Weston,* 22 Mo. 378; *Winter* v. *Stock,* 29 Cal. 408, 89 Am. Dec. 57; *Rixford* v. *Zeigler,* 150 Cal. 435, 119 Am. St. Rep. 229, 88 Pac. 1092; *Barnett* v. *Lachman,* 12 Nev. 361; *McCauley* v. *Fulton,* 44 Cal. 355.) If H. P. Brooks could give deed conveying good title, upon the principle that the greater includes the less, he could enter into a valid, enforceable agreement for the sale of that property.

In view of the facts in this case, *Cochran* v. *Blout,* cited by appellant, is not in point on the proposition stated, but is rather in support of respondent's contentions. The same is also true of the citations from 26 American and English Encyclopedia of Law, and *Bell* v. *Bank of California,* for the reason that H. P. Brooks was able to convey title to these lots.

The possession of the premises alone, taken under the agreement, would avoid the statute of frauds. *Price* v. *Lloyd,* 31 Utah, 86, 8 L. R. A., n. s., 870, 86 Pac. 767, cited by counsel, is a very different case from the one at bar, and the points decided in that case do not affect this one. In any event, if it should be deemed in point, we maintain that it is directly opposed to the great weight of authority. (See *Willis* v. *Wozencraft,* 22 Cal. 608; *Love* v. *Watkins,* 40 Cal. 547, 6 Am. Rep. 624; *Central Pac. R. R. Co.* v. *Mudd,* 59 Cal. 585; *Whittier* v. *Stege,* 61 Cal. 238; *Lamme* v. *Dodson,* 4 Mont. 560, 2 Pac. 298; *Cartin* v. *Hammond,* 10 Mont. 1, 24 Pac. 627; *Howell* v. *Budd,* 91 Cal. 342, 27 Pac. 747.)

Upon the question of limitation: Admitting that the statute of limitations applies to actions for specific performance, it does not apply to the facts of this case, for the reason that plaintiff and respondent was in possession at all times. A vendee in possession under contract is not barred by the statute of limitations. (*Love* v. *Watkins, supra,* affirmed in *Gilbert* v. *Sleeper,* 71 Cal. 290, 12 Pac. 172; *McClure* v. *Colyear,* 80 Cal. 378, 22 Pac. 175; *Butler* v. *Hyland,* 89 Cal. 575, 26 Pac. 1108; *Warren* v. *Adams,* 19 Colo. 515, 36 Pac. 604; *Snider* v. *Johnson,* 25 Or. 328, 35 Pac. 846; *Smith* v. *Matthews,* 81 Cal. 120, 22 Pac. 409; *Watson* v. *Sutro,* 86 Cal. 500, 24 Pac. 172, 25 Pac. 64; *Galvin* v. *Palmer,* 113 Cal. 46, 45 Pac. 172.) Nor is the question one of payment, if the vendee is in possession, for, respondent having been ready and willing to pay the purchase money at any time, as found by the trial court, it is the same as though he had actually paid it. It would be highly inequitable to hold that the vendee might be put in possession under the contract, and make valuable improvements, but by a mere failure to actually pay the purchase money, owing to the refusal of the vendor to comply with his agreement, as in this case, that the statute of limitations should run against his action for specific performance. Such is not the law.

The doctrine of laches has no application, as against the respondent, for the reason that he was in possession at all times, under his agreement, and did all that he could reasonably be expected to do to bring the matter to a close, and his possession was well known to appellants. The doctrine applies rather against appellants than in their favor, for the reason that they knew respondent was in possession, under claim of right, and appellants were guilty of negligence in waiting all those years without asserting their own rights, if any. Under the facts in this case neither the case of *American Min. Co.* v. *Basin,* 39 Mont. 476, 24 L. R. A., n. s., 305, 104 Pac. 525, nor *Wolf* v. *Great Falls etc. Co., supra,* are in point. Nor does the case of *O'Donnell* v. *Jackson,* cited by counsel, come within the provisions of this case, for the reason that the vendee does not seem

to have gone into possession under his agreement, and it does appear that the improvements made upon the land were made without the authority of vendor.

Respondent being in possession during all of these years, if appellants claimed any interest in the land, it was their duty to assert that right by demand and suit in ejectment, and never having made any demand for possession, nor brought any action to oust respondent, they were guilty of laches, and are thereby barred at this time from asserting any right. (*Willis* v. *Wozencraft,* 22 Cal. 608.) Not one of the many cases cited by appellants upon the question of laches, so far as we have been able to examine them, sustains a claim of laches against a vendee in possession, who has not repudiated his agreement.

MR. JUSTICE SANNER delivered the opinion of the court.

The amended complaint alleges, substantially, that in July, 1898, the respondent bought two certain lots in the city of Lewistown at the price of $200 from Henry P. Brooks, who was then the owner; that the respondent immediately went into possession, and has since been in the "actual, quiet, open, notorious, undisturbed and exclusive possession" of said lots, and has placed valuable improvements thereon; that Henry P. Brooks died leaving a will, under which the appellant, John Brooks, was made residuary legatee, and by judicial decree the said lots have been distributed to John Brooks as residuary legatee; that John Brooks has sold said lots to appellant Kettleson; that prior to the death of Henry P. Brooks, and when the distribution occurred, the appellant John Brooks had actual notice of the rights and claims of respondent and of the existence of said agreement, and that the appellant Kettleson, prior to his purchase, had actual notice of the rights and claims of respondent; that respondent has always been ready and willing to pay for the lots upon conveyance of the same to him; that at divers times he demanded a conveyance of Henry P. Brooks, and also of John Brooks, and offered to pay the purchase price, but acceptance of payment and issuance of deed have been

refused; that about August 30, 1911, the appellant Kettleson, without the consent and against the instructions of respondent, went upon the said lots and tore down the fence inclosing the same, and tore down the fence inclosing his poultry-yard, and is making preparations to erect a house upon said lots. It is prayed, among other things, that respondent be adjudged the owner of said lots; that a decree be entered requiring appellants to convey upon payment of $200; and that appellants be enjoined from asserting any interest or title in the lots or interfering with the same. This pleading was attacked by a demurrer on three grounds, two of which are that it does not state facts sufficient to constitute a cause of action, and that there is improperly united therein a cause of action based upon adverse possession for more than ten years with a cause of action for the specific performance of an alleged contract of sale.

We will first dispose of the question of misjoinder. Upon it [1] we have not been favored with any argument in appellants' brief, and should be inclined to rule the point as waived but for the fact that respondent himself insists here that he has stated an action to quiet title as well as for specific performance, and that under the pleadings, evidence and findings he is entitled to prevail upon either theory of the case. It is possible, by selecting certain allegations and ignoring others, to carve from the amended complaint a claim of title by prescription, but the allegations necessary to be so selected are entirely pertinent to, and are not inharmonious with, the prayer for specific performance; whereas the allegations to be ignored and the pleading, taken as a whole, are inconsistent with any claim of legal title, since one possessing lands under a contract of sale holds, [2] not adversely, but in subordination to, the legal title. (*Lamme* v. *Dodson,* 4 Mont. at 560, 594, 595, 2 Pac. 298.) We therefore conclude that the amended complaint should be viewed, as, in fact, it was viewed throughout the proceedings below, as seeking specific performance only, and not open to attack for misjoinder.

The point of the general demurrer is that the agreement was made in July, 1898, and the suit was commenced in September, 1911, thus disclosing a period of over thirteen years in which respondent did nothing in assertion of his rights; that, in the absence of excusatory averments, this is laches appearing upon the face of the pleading by which equity is negatived, and therefore a general demurrer will lie. The argument is plausible, but ineffective. Assuming that, where laches appears on the face of the complaint, advantage thereof may be taken by demurrer for substance, and conceding that, following the maxim, "Equity aids the vigilant," laches may arise from an unex-
[3] plained delay short of the period fixed by the statute of limitation (*American Min. Co.* v. *Basin & Bay State Min. Co.*, 39 Mont. 476, 483, 24 L. R. A., n. s., 305, 104 Pac. 525; *Wolf* v. *Great Falls W. P. & T. Co.*, 15 Mont. 49, 38 Pac. 115), still laches will not be presumed from such a delay alone. (16 Cyc. 179; *Lux* v. *Haggin*, 69 Cal. 255, 267, 4 Pac. 919; *Marsh* v. *Lott*, 156 Cal. 643, 647, 105 Pac. 968.) Now, the statute invoked here is section 6451, Revised Codes, and whether we apply it as in itself a bar, or as a test for laches, the question arises: When, as to this case, did it commence to run?

It is the recognized rule, followed by this court, that specific
[4] performance of an oral contract for the sale of real estate may be decreed where possession thereunder, taken by the vendee with the vendor's knowledge or consent, is followed by improvement of the property, even though no part of the purchase price has been paid. (*Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918; *Cobban* v. *Hecklen*, 27 Mont. 245, 70 Pac. 805.) In such a case, where the payment and conveyance are to be concurrent acts, and where the vendee has made repeated efforts to pay, and stands ready, able and willing to pay, the vendor is placed in the same position as though payment had been made; that is to say, he holds the legal title in trust for the vendee. (*Cobban* v. *Hecklen, supra; Finlen* v. *Heinze, supra; Ives* v. *Cress*, 5 Pa. 118, 47 Am. Dec. 401; *Willis* v. *Wozencraft*, 22 Cal. 608; *Whittier* v. *Stege*, 61 Cal. 238, 241; *Howell* v. *Budd*, 91 Cal. 342, 351,

27 Pac. 747.)    On this theory the statute of limitation does not [5] commence to run until the vendor has in some manner disavowed his trust (36 Cyc. 732, f), which disavowal may, in cases such as this, consist of a flat refusal to convey or to recognize the contract.    Turning, now, to the amended complaint, we find the charge that both Henry P. Brooks and John Brooks have [6] refused and neglected to convey, notwithstanding demand. But when?    It may have been more than five years before the commencement of the action; it may have been less.    This condition of the pleading, however it may be subject to a demurrer for ambiguity, certainly does not require the conclusion that the statute has run.    Moreover, the weight of authority is that the vendee in possession cannot be barred from specific performance [7] by mere delay, however long, because his possession is a continued assertion of his claim.    He may rest in security until his title or right of possession is attacked.    (16 Cyc. 174; 36 Cyc. 732; *Love* v. *Watkins,* 40 Cal. 547, 564, 6 Am. Rep. 624; *Gilbert* v. *Sleeper,* 71 Cal. 290, 294, 12 Pac. 172; *Snider* v. *Johnson,* 25 Or. 328, 331, 35 Pac. 846.)    We are therefore of opinion that the amended complaint is good as against the general demurrer.

The trial resulted in certain findings of fact by the court, from which conclusions of law were drawn, in effect directing a decree of specific performance as prayed by respondent, and such decree was thereafter duly entered.    These findings of fact are vigorously assailed for what they contain and for what they do [8] not contain.    As to their content, we say that, although a remarkable situation is disclosed by the evidence, yet the evidence does not preponderate against the findings.    They have sufficient support in the evidence to require their acceptance by this court as the established facts in the case.    (*Boyd* v. *Huffine,* 44 Mont. 306, 120 Pac. 228; *Pope* v. *Alexander,* 36 Mont. 92, 92 Pac. 203, 565.)    As to their alleged deficiencies, these are not in themselves, singly or collectively, of sufficient importance to demand a reversal of this case.    They consist, for the most part, of facts or circumstances not necessary to a determination of the case, or of alleged facts or circumstances not required by the

evidence; and the failure to find them could not, with the possible exception of the payment of taxes, which we shall consider later, have operated to the prejudice of the appellants. Certain questions of law, however, are raised by the evidence and the findings, to which we shall briefly advert.

It is said that when the agreement was made Henry P. Brooks was not the sole owner of the property; that respondent then knew it; and that under such circumstances specific performance will not be decreed. Appellants forget that there was a visible occupancy of these premises for thirteen years immediately [9] following the agreement, and that the evidence furnished by themselves tends to establish that when the agreement was made the title was in "H. P. Brooks & Bro."; that "H. P. Brooks & Bro." was a "concern"—apparently a partnership— composed of Henry P. Brooks, Anthony Brooks, and the appellant John Brooks, having business other than the owning of these lots, and owning them as it owned its other property; that Anthony Brooks and John Brooks possessed interests in these lots only as they were interested in the "concern"; that Henry P. Brooks tended to its business, particularly at the Lewistown end; that John Brooks for eight or ten years personally knew of respondent's occupancy and inclosure of the premises, and made no objection of any kind. It is nowhere asserted by John Brooks that Henry P. Brooks was without authority to contract in behalf of the other members of the "concern"; and it appears that when respondent broached the subject of a deed to John Brooks he said respondent would have to see Henry P. Brooks about the matter. We think this was ample to justify the findings that in the agreement with respondent, Henry P. Brooks acted in behalf of his associates as well as of himself, and to estop any denial of John Brooks in that regard. Under these findings the case falls, not within *Cochran* v. *Blout,* 161 U. S. 350, 40 L. Ed. 729, 16 Sup. Ct. Rep. 454, cited by appellants, but within the rule recognized by this court in *Cobban* v. *Hecklen, supra.* But there is another aspect of this matter which is decisive against appellants.

Upon well-recognized principles the legal title to the lots in question, at the time the agreement was made, stood wholly in Henry P. Brooks by virtue of the deed from De Witt to H. P. [10] Brooks & Bro. (*Barnett* v. *Lachman,* 12 Nev. 361; *Winter* v. *Stock,* 29 Cal. 408, 89 Am. Dec. 57; *Arthur* v. *Weston,* 22 Mo. 378; *Ennis* v. *Brown,* 1 App. Div. 22, 36 N. Y. Supp. 737.) As long as it so remained, Henry P. Brooks could convey the legal title, leaving his associates to their remedy of accounting for the proceeds (*Barnett* v. *Lachman, supra*) ; and if he could do that he could make the agreement in question.

It is contended that the improvements placed upon the lots by respondent were not such as to constitute part performance, [11] because they did not equal or exceed the rental value of the lots while occupied by him. We do not know what the rental value may have been. The purchase price agreed upon was $200. The improvements consisted of fencing and of a barn, lathed and plastered in the lower part, used as a chicken-house; and there was evidence to the effect that the value of these improvements amounted to six or seven hundred dollars. We think this a sufficient showing of substantial and permanent improvement.

The evidence established that throughout the entire period of respondent's occupancy the taxes and public charges upon the lots were paid by Henry P. Brooks or John Brooks, and error is assigned because the trial court did not so find. We see no error here. This court has held that in an action to quiet title, with taxes paid by the defendant in good faith, it is the duty of the trial court to require reimbursement as a condition to the relief (*Larson* v. *Peppard,* 38 Mont. 128, 133, 129 Am. St. Rep. 630, 16 Ann. Cas. 800, 99 Pac. 136), and we think counsel confuse that situation with the totally different one now presented. [12] Whether the payment of the taxes by Brooks is considered to be of importance on account of the failure of the trial court to impose reimbursement as a condition to the relief granted, or as affecting the respondent's right to any relief, we are not clearly informed. But in either view it is decisive that the court found, not the respondent, but Henry P. Brooks and John

Brooks, to have been at fault, and fixed upon them the blame for the long continuance of the legal title in their names. While public charges against real estate are properly assessed to the holder of the legal title, and it is his privilege to pay· them in order to protect it, yet in this case he could at any time have shifted that burden to the shoulders of the respondent by simply keeping the agreement. Such public charges as are to be expected in the usual course of events are like increases in value or depreciation in the currency after contract of sale and pending conveyance, in that they will not absolve the vendor, nor entitle him to any added recompense, where he is at fault for delay in performance. (*Gotthelf* v. *Stranahan* (City Ct. Brook.), 19 N. Y. Supp. 161, 138 N. Y. 345, 351, 20 L. R. A. 455, 34 N. E. 286; *King* v. *Raab,* 123 Iowa, 632, 99 N. W. 306, 307; Pomeroy on Specific Performance, sec. 322.) However, the court did require the respondent to pay interest at the legal rate on the purchase price for the entire period since the date of the agreement. This was sufficient.

Much space is devoted in the brief of appellants to the statute of limitations and to the question of laches. We have discussed these matters, so far as raised by the demurrer to the amended complaint, and the question now is whether limitation or laches is disclosed by the evidence. According to the evidence, respondent made several demands on Henry P. Brooks for a deed, which was promised, but deferred; in the year of, or the year before, the death of Henry P. Brooks, respondent made a final demand upon him, as well as upon John Brooks, and then occurred the first refusal to complete the agreement; Henry P. Brooks died in February, 1909; the first hostile invasion of respondent's possession occurred August 30, 1911, and this action was commenced on September 9, 1911. We fail to see how this action can be held barred by the provision argued in the brief (Rev. Codes, sec. 6451), or by any of the statutes pleaded in the answers. And if it is borne in mind that, where payment, which is to be concurrent with the conveyance, is prevented by the vendor's fault, the case is the same as though pay-

ment were made, it can be readily seen that the authorities cited in support of the contention of appellants do, when rightly understood, make for the very opposite conclusion. (See *Edwards* v. *Beck*, 57 Wash. 80, 106 Pac. 492; *Love* v. *Watkins, supra; Brennan* v. *Ford*, 46 Cal. 7, 14; *Gerdes* v. *Moody*, 41 Cal. 335, 350.)

As to laches, we have already indicated that the weight of authority denies the application of this doctrine to the vendee in possession prior to challenge of his title or right of possession. But the appellants cite, among others, three decisions of this court: *Wolf* v. *Great Falls W. P. & T. Co., supra, American Min. Co.* v. *Basin & Bay State Min. Co., supra,* and *Streicher* v. *Murray*, 36 Mont. 45, 92 Pac. 36, upon which we are asked to decide that laches did, as a matter of fact, appear upon the trial of this case. These citations are not in point; the last two are not even suggestive, except as to certain general statements, to the effect that laches may or may not exist independently of the statute of limitations, but depending upon the circumstances of the individual case. In *Wolf* v. *Great Falls W. P. & T. Co.*, however, a case of laches was held established in an action for specific performance, upon the theory that abandonment of his claim by the vendee was shown by the following circumstances: A written agreement was made for the sale of a town lot in Great Falls for the purchase price of $350, payable in installments at fixed times; it was expressly stipulated that "the above premises are sold to said second party for improvement, and the said party of the second part agrees and obligates himself, heirs and assigns, that he or they will on or before the first day of August, 1887, build and construct a frame building of the value not less than $500"; the vendee was also to pay the taxes; the execution and delivery of the deed was made contingent upon the prior performance of the conditions imposed upon the vendee, and the vendee was given possession under the agreement; the vendee did not pay the installments of the purchase price, nor the taxes; nor did he construct to completion the improvement as agreed; the successor in interest of the vendor took pos-

session after default in these matters; later, and on October 22, 1887, the vendee tendered the balance of the purchase price, which was refused; on April 29, 1891, he commenced his action for specific performance, and no explanation was offered in the pleadings or at the trial for the delay. The above not only shows how divergent was the situation from the case at bar, but illuminates the following language of the decision: "We have confined the consideration to the question as to whether the plaintiff was guilty of inexcusable laches in commencing his suit for specific performance after he was ousted from the possession of the real estate in question, and knew that the defendant would not comply with the contract of sale thereof, unless compelled to do so." Equally inept, for appellants' purposes, is the decision in *Marsh* v. *Lott, supra*, in which the supreme court of California said: "Of course, notwithstanding the delay in moving to enforce the alleged contract, the circumstances may be such as to prevent any presumption of acquiescence or abandonment, as, for instance, where a vendee is in possession of the property under the alleged contract and continues in such possession, claiming under the contract, notwithstanding the attempted repudiation."

We think that all the findings are sufficiently supported by the evidence, and that the case, taken as a whole, authorizes the decree.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.